RALPH B. STRASSBURGER, Respondent, *v.* IRVING TRUST COMPANY, Appellant.

First Department, January 24, 1941.

*William A. Onderdonk* of counsel [*Paul E. Mead*, attorney], for the appellant.

*Arthur Richenthal* of counsel [*Heinz A. L. Hellmold*, attorney], for the respondent.

MARTIN, P. J.  By the first cause of action it is alleged that the plaintiff gave to the defendant his promissory note for $540,000 due and payable April 23, 1932, secured by a pledge of 4,570 shares of the stock of the Singer Manufacturing Company; that upon the due date of the note there was due and owing by the plaintiff to defendant the sum of $466,000 secured by the aforesaid stock, which latter, plaintiff alleges, was of a value of at least twice as much as his indebtedness; that the defendant knew or should have known that the stock was closely held and without an active market, and that a large number of shares offered for sale in a comparatively short period would substantially reduce its value.

It is then alleged that the defendant sold the stock on the market between April 30, 1932, and May 27, 1932; that the sale was conducted negligently without regard to the interest of the plaintiff and in breach of defendant's duties as a pledgee, in bad faith and intentionally, to the plaintiff's damage in the sum of $500,000.

It appears from the note annexed to the plaintiff's bill of particulars that, if the note was not paid at maturity, the defendant had the right to sell the security held as collateral in whole or in part, at any time or place. It also appears from the plaintiff's bill of particulars that for his charge of bad faith he relied wholly upon the fact that the stock was sold on the Curb Exchange within the period of less than one month. There is no claim in the first cause of action that the defendant purchased any of said stock nor allegation of any specific acts of bad faith. The mere allegation, therefore, that the defendant acted in bad faith is a conclusion which is not sustained by the facts alleged in the complaint and bill of particulars. Under these circumstances the first alleged cause of action fails to state a cause of action.

In *Franklin National Bank* v. *Newcombe* (1 App. Div. 294; affd., 157 N. Y. 699) it appeared that the bank sued to recover the balance due on a promissory note secured by collateral. In the answer it was charged that the collateral had been sold under adverse market conditions. Upholding the right of the pledgee to so sell, the court said:

" It is urged that there was no necessity for selling this loan out at such a time; that it was amply secured, and none of the securities were being unloaded on the market, and that they were in no immediate danger. But upon such consideration, can a debtor obtain a forced loan from his creditor? Has not his creditor a right to collect when due, and can the debtor compel him to wait because it is inconvenient to pay and a bad time to realize upon his assets? We are not aware of any such rule.

" * * * We know of no reason why a creditor may not enforce his legal rights in a legal way at any time. * * *."

In *Hudgens* v. *Chamberlain* (161 Cal. 710; 120 P. 422) the court said: " It is, of course, well settled that a pledgee under such contracts as are shown here may sell the property pledged in satisfaction of the pledges and purchase the same at the sale thereof, the only requirement being that the sale shall be fair and *bona fide*. After default he has a lawful right to sell them at any time and as long as the sale is made at market prices the mere fact that they are sold in an unfavorable condition of the market and consequently bring a low price affords no ground for complaint on the part of the pledgor. The pledgee is under no obligation to take any chances on the market or wait for a more favorable one than exists when he elects to sell. If any limitation was to be placed upon the condition of the market at which the sales of the pledged property were to be made after default, the pledgor should have provided for this in his contract. Having failed to do so,

when the lawful right to sell has accrued, the pledgee may dispose of the pledges at market rates, no matter what the condition of the market may be; nor will it be of any moment that by selling the stock on a depressed market he is afforded an opportunity of purchasing the property at the rates then happening to prevail and which may be the result only of a temporary depression of the market."

The second alleged cause of action sets forth that on the due date of the aforesaid loan the defendant, as on previous occasions involving loan transactions, gave the plaintiff oral and written extensions of time within which to pay the indebtedness and thereby waived its right to sell without demand and notice of sale. It is alleged that the plaintiff relied upon said extensions and that the sale of the collateral without demand and notice constituted a conversion.

The contract between the parties expressly provided that no waiver of any of its terms should be valid unless in writing. The plaintiff's bill of particulars sets forth the writings relied upon as a waiver. These do not constitute a waiver of the right to sell. The case of *Beatty* v. *Guggenheim Exploration Co.* (225 N. Y. 380, 387), upon which the respondent relies as authority for the proposition that an oral agreement to waive the provision of the contract requiring a written waiver may be enforced, is distinguishable in that said case involved a waiver by contract based upon a consideration. The gist of that decision appears to be that the parties to a contract might contract orally to change it. In the words of Judge CARDOZO, who wrote in that case, "'every such agreement is ended by the new one which contradicts it.'" In the case at bar, in so far as the alleged oral agreement to waive is concerned, there was no consideration but a mere voluntary giving up of the right to sell. There was no change of position by the plaintiff in reliance upon the alleged oral waiver.

The defendant's motion to dismiss the second cause of action should have been granted upon the additional ground that it was barred by the Statute of Limitations. It is obvious from an examination of the original complaint that it stated but one cause of action based upon the alleged negligent manner in which the defendant conducted the sale of the collateral, which it had an absolute contractual right to sell. The mere allegation in said complaint that the defendant "wrongfully and unlawfully converted" the pledged collateral fails to set forth a cause of action in conversion. When, therefore, the plaintiff in his amended complaint added a conversion count based upon the allegation that the defendant sold the stock without authority because of an extension

of time within which to pay the loan, it stated a new and different cause of action within the authority of *Harriss* v. *Tams* (258 N. Y. 229, 242) and *Clark* v. *Title Guarantee & Trust Co.* (259 App. Div. 136; affd., 284 N. Y. 619).

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and the defendant's motion to dismiss the first and second causes of action granted.

GLENNON and COHN, JJ., concur; DORE, J., dissents and votes to affirm, in opinion; TOWNLEY, J., dissents in part, in memorandum.

DORE, J. (dissenting). The first cause of action does more than merely state as a general conclusion that defendant acted in bad faith. It also alleges numerous facts which sufficiently raise a factual issue. A pledgee acting under power of sale is bound to exercise good faith and execute the power with due regard to the pledgor's rights and interests. (*Toplitz* v. *Bauer*, 161 N. Y. 325, 332.)

With regard to the second cause of action, the first answer to defendant's contention is that the complaint alleges that the waivers in question were both oral and in writing. In any event, *Beatty* v. *Guggenheim Exploration Co.* (225 N. Y. 380) held that parties who created their own statute of frauds could, acting as their own legislature, waive it. Nor is the second cause of action barred by the Statute of Limitations, for the operative facts on which any alleged liability can ultimately be based were sufficiently alleged in the original complaint.

The order, so far as appealed from, should be affirmed.

TOWNLEY, J. (dissenting). I concur in the opinion of Mr. Justice DORE as to the first cause of action. I dissent from the conclusion reached by him as to the second cause of action upon the ground that that cause of action is barred by the Statute of Limitations.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements, and defendant's motion to dismiss the first and second causes of action granted.