Elbert T. Gallagher, J.
Plaintiff moves for summary judgment in an action to recover possession of certain life insurance policies. From plaintiff’s affidavit in support of Ms motion, it appears that the parties were married in 1913 and most of the policies, all of which were on plaintiff’s life, were taken out after the date of marriage, that plaintiff made a trip to Georgia in 1955 and left the policies in defendant’s possession, and that since his return she has refused to surrender them.
Defendant has submitted no affidavits in opposition. In her verified answer she denies plaintiff’s allegations of ownership and right to possession on information and belief. She then sets up affirmative defenses, claiming that she is beneficiary under the policies by virtue of various settlement arrangements, that plaintiff delivered the policies to her to control, that plaintiff agreed in writing not to alter the policies, that she has paid premiums from her own funds amounting to $3,000, for which she has a lien and counterclaim. All these defenses are alleged on information and belief.
Defendant’s answer, standing alone, does not make a sufficient showing to defeat the motion for summary judgment, and this is particularly so since all her allegations and denials are on information and belief. In order to satisfy the requirements of rule 113 of the Rules of Civil Practice, the party opposing the *905 motion must advance such facts as shall raise an issue. (O’Meara Co. v. National Park, Bank, 239 N. Y. 386; Lee v. Grauhard, 205 App. Div. 344; Buffalo Sav. Bank v. O’Gorman, 260 App. Div. 993; Rotkiewicz v. Department of Mental Hygiene, 283 App. Div. 458.) Defendant’s denials and allegations were concerning matters within her own knowledge. In order to raise an issue of fact she should have made positive statements of fact, under oath. Motion granted. Submit order on notice.