Aron Steuer, J.
This is a motion to consolidate two actions arising out of the same vehicular collision. There is no real opposition to the relief as such. Each of the actions is by one of the drivers against the other. It appears that one of the plaintiffs-defendants is a resident of Akron, Ohio, and he has never been examined before trial. A motion to examine him in the action in which he was plaintiff (an action pending in the Municipal Court) was granted with the proviso that the examination be held five days before trial. His opponent now desires to make it a condition of granting the consolidation that the examination be held at a date to be fixed by the court.
The matter is not quite as simple as would appear on the surface. The action in the Municipal Court is for property damage and the matter in a monetary sense is of no great significance. There is considerable doubt whether he would, if ordered, appear for examination. This would give his opponent a great tactical advantage as in the consolidated action he could have the answer stricken out. This should not deter granting the relief as a nonresident who seeks affirmative relief in our courts must conform to our procedures even at his own inconvenience. But all of this is reasoning on a false premise. Quite obviously the real interest in the case is that of the insurance carrier and it might be seriously prejudiced if its assured should fail to appear. This is mentioned, however, merely to show that it was not overlooked. The veil of anonymity which the carriers insist on has been respected when it has been to their advantage and cannot be thrust aside because it would be to their detriment. So the nonresident is to be regarded as having the choice of protecting his interests or not, as he sees fit.
Neither technically nor practically is the decision of the Municipal Court fixing a date for examination a bar to this application. Technically it is not an order in the same action. Practically it was to be expected that the examination would take place some time before the trial of the other action.
The motion is granted. Cross motion is granted to the extent that the examination of defendant is directed to be held on March 3, 1959, at Special Term, Part II, at 10:30 a.m.