■ GEORGE CHR. LEMOS, Appellant, v. B. J. MARKETOS, Respondent. (Action No. 1.) GEORGE CHR. LEMOS, Plaintiff, v. B. J. MARKETOS et al., Defendants. (Action No. 2.) — Order entered on April 6, 1960, unanimously reversed on the law, on the facts, and in the exercise of discretion, without costs; the motion to dismiss the complaint under subdivision 3 of rule 107 of the Rules of Civil Practice denied and the cross motion for consolidation granted. Action No. 1 is based upon a loan. Action No. 2 seeks a recovery of the same amount sought in Action No. 1, but is based upon an agreement entered into between the parties subsequent to the making of the loan. That agreement provided for the repayment of the amount of the loan in stipulated payments running over a period of six years. While the actions seek the same relief, they are based upon different theories. Not only are the theories different but the proof required in each case would be of an independent nature. The plaintiff may very well encounter difficulties in attempting to prove his case based upon the loan whereas in the action on the agreement his task would be much more simple. Of course, only one recovery may be had by the plaintiff. A further indication of the independence of the two causes of action is to be found in the fact that the loan is alleged to be repayable on demand whereas the payments under the agreement were to be made over a six-year period. The bringing of two separate suits in these circumstances is not to be encouraged. However, the cross motion for consolidation is a corrective measure. That application affords the opportunity of reaching the same result that would have been obtained had the plaintiff sought to amend the complaint in the action on the

loan so as to add a cause of action on the agreement — an application which in all likelihood would have been granted. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.