Charles Lambíase, J.
Plaintiff, landlord, has moved for summary judgment in each of the above-entitled actions brought against the defendants tenants for rent due under the terms of a written lease.
In the first above-entitled action plaintiff sues to collect from defendants rents in the unpaid sum of $1,375 with interest and costs due under said lease for the period from November 1, 1960 to and including the month of February, 1961, said unpaid amount being arrived at by subtracting from the total accrued rent amounting to $1,500, the sum of $125 paid thereon.
In the second above set forth action plaintiff sues to collect from defendants under the same lease accrued and unpaid rent in the sum of $1,125, with interest and costs for the period March 1,1961 to and including May, 1961.
The defendants’ amended answers in each action are identical in that they deny entering into the lease, deny that plaintiff has performed all of the terms on its part to be performed; deny that they failed to pay the rent; and deny the allegations of the amounts due. In sum, defendants’ answers amount to a general denial of the material allegations of the complaint. There is no affirmative defense of payment alleged.
Upon the argument of these motions the lease was submitted to us, and plaintiff also submitted an affidavit as part of its moving papers, made by one of plaintiff’s officers, in which it is affirmatively stated that the defendants have failed to pay the rent due in each instance, and there are in said affidavit other allegations of evidentiary matters tending to establish plaintiff’s cause of action in each instance.
Defendants’ attorney in each motion has submitted his own affidavit in opposition thereto which, in effect, contains a recital *67 of the steps taken to the date thereof in each of the actions and states: ‘ ‘ This affidavit is made in opposition to a motion for Summary Judgment made by the Attorney for the plaintiff herein ”. No affidavit of the defendants or of any of them has been submitted. No evidentiary matter is set forth in defendants’ attorney’s said affidavit or otherwise tending to show that the defendants have a defense to the actions. There is not even therein the statement found in an affidavit of merit stating that the defendants have a meritorious defense.
In O’Meara Co. v. National Park Bank (239 N. Y. 386, 395) it is stated: “ It is unnecessary to consider the denials contained in the answer, since in the answering affidavits defendant raised no issue as to any of the facts alleged in the complaint and in the plaintiff’s affidavits upon which the motion was based. Defendants’ affidavits used in opposition to the motion merely repeat the various denials contained in the answer. These denials were insufficient to raise an issue on a motion for summary judgment, since, under the rule, facts must be presented rather than mere general or specific denials in order to defeat a motion. (Rules Civ. Prac., rule 113; General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 139.) ” (Suss v. Durable Knit Corp., 4 Misc 2d 666; Gravel Prods. v. Sunnydale Acres, 10 Misc 2d 323; Heiter v. Heiter, 2 Misc 2d 904.)
In the light of our discussion, and in view of the fact that the defendants have not produced by affidavit or otherwise any evidentiary matter tending to show that they have a real defense to these actions, the motion to strike the answer of the defendants and for summary judgment in each of the above-entitled actions must be and hereby is granted.