Owbu" McGivebn, J.
Defendant Sarlie moves for dismissal of the first and second causes of action for insufficiency and, pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice for dismissal of causes second through six upon the ground that the same causes appear in the earlier and pending action brought by this plaintiff’s predecessor, Penn-Texas Corporation. By separate motion in the Penn-Texas Corporation action, the defendant Sarlie likewise moves for relief pursuant to subdivision 3 of rule 107, dismissing the sixth, seventh and eighth causes appearing in the second supplemental complaint in that action upon the ground that those causes appear, as alleged, in the prior and pending Fairbanks Whitney Corporation action.
The first cause in the Fairbanks Whitney action is in conversion. Plaintiff’s predecessor, Penn-Texas Corporation, transferred to the defendant Sarlie certain securities in connection with collateralized loans. It is further alleged that thereafter Sarlie transferred the notes and stock to Murat Anstalt, a foreign corporation. It is then alleged that in 1957 or 1958 defendant Sarlie and Murat Anstalt converted certain of the pledged shares and that plaintiff has duly demanded of those defendants the return of those shares. Defendants have refused to comply.
General allegation of conversion is permissible in an action based on claimed wrongful detention. The allegations here, however, are not general. It must be deemed that the conversion is based on demand and refusal, but in such circumstances that the amount due was tendered and return was refused. However, the time of alleged conversion occurred prior to the maturity of the notes according to their tenor. There is no allegation of a privilege of prepayment. In addition, the claimed refusal is tied in with the claimed tender of the amount lawfully due. The latter is a conclusion to be drawn from an alleged fact of the amount tendered and the amount due; but no such allegation is present.
Both parties rely on Strassburger v. Irving Trust Co. (261 App. Div. 210, 213, affd. 288 N. Y. 499), wherein the court stated: “It is obvious from an examination of an original complaint that it stated but one cause of action based upon the alleged negligent manner in which the defendant conducted the sale of *894 the collateral, which it had an absolute contractual right to sell. The mere allegation in said complaint that the defendant ‘ wrongfully and unlawfully converted ’ the pledged collateral fails to set forth a cause of action in conversion.” Of that case the following comment is made in Oarmody-Wait, New York Practice (vol. 4, § 112): “A more specific statement is required where the general allegation appears inconsistent with other facts stated. Thus, where the complaint is based upon the alleged negligent manner in which the defendant conducted the sale of pledged collateral which it had the right to sell, the mere allegation that the defendant wrongfully and unlawfully ‘ converted ’ the pledged collateral fails to set forth a cause of action. ’ ’
Demand and refusal here are pertinent if they occurred at a time when plaintiff had the right to demand, and factual allegations in respect to such demand and refusal become essential, since by plaintiff’s plea such right and wrongful refusal are set out in such manner that they are made to depend on maturity and tender or privilege of prepayment and tender. The privilege of prepayment, on the one hand, is not shown, and a tender of the amount claimed to be due is not shown by appropriate factual allegation.
The second cause is concerned with a note dated May 4, 1957, which plaintiff could prepay on or after August 1, 1957, which it elected to do on December 24,1958. It is alleged that plaintiff ‘ ‘ tendered the proper sum in prepayment ’ ’ to Sarlie and Murat Anstalt at the place of payment provided for in the agreement and demanded a return of the note, which tender was rejected, “although it was a good and valid tender”, and they have refused to return the note and the pledged shares. On May 4, 1961, which appears to be the date of maturity of the note, plaintiff again tendered “ the proper amount ” with the same result; the defendant Murat Anstalt demanding an amount of money in excess of the amount due. Further, defendant Murat Anstalt terminated the designation of the place of payment and has refused upon demand to designate any other place of payment. Plaintiff has continued to offer to defendant Murat Anstalt a sum equal to the full unpaid principal of the note plus interest to the date of payment against the return of the note and pledged shares and has given notice to the defendant Sarlie of all the foregoing alleged occurrences. Further, the defendant Sarlie has asserted that he does not own or have possession or control of, or any interest in, the note and pledged securities. Finally, it is alleged that plaintiff has duly performed all the terms on its part pursuant to the agreement, and that it has been damaged.
*895 Defendant Sarlie argues the second cause is insufficient in that it fails to state the essential terms of the alleged agreement pursuant to which the collateralized loan was made, due performance, and valid tender.
Valid tender may be necessary to the first cause as stated, but not in a cause on contract and breach thereof when due performance is alleged. It is alleged here, but the allegation is conclusory; for the only term of the agreement set forth, apart from the mere loan made and collateral, is the privilege of prepayment. It is essential that plaintiff negative the existence of any other condition on its part, or set forth the terms of the agreement on its part to be performed, in order to take advantage of the allegation of due performance, which is otherwise conclusory.
In addition to the allegation of due performance, plaintiff has alleged a valid tender. That allegation is conclusory in the absence of a statement of the amount due and what was tendered. It is from such a factual allegation that the validity of the tender is to be judged.
We come to consideration of the motions made in each action for relief pursuant to subdivision 3 of rule 107. While it appears from the titles of the actions that the parties are different; yet they are not actually; and no point is made that they do differ. The complaint in Fairbanks is dated August 28, 1961; the original complaint in Penn-Texas is dated November 26, 1958. The Fairbanks action was first commenced by service of a summons on February 3,1957. A first supplemental complaint was served in Penn-Texas and it is dated March 19, 1961, and a second supplemental complaint was served in Penn-Texas and it is dated May 15, 1961. There are differences in the complaints and the causes therein as to theories, remedy, and relief sought and the amounts demanded. There are differences as to relief available. Some of the causes in each action appear to parallel causes in the other. The pendency of the two litigations, while in part parallel, does not appear to be vexatious, and consolidation, rather than dismissal upon the plea of prior action pending, should be the more appropriate remedy. Which causes in Fairbanks are parallel to which causes in Penn-Texas and, conversely, which causes in Penn-Texas are parallel to which causes in Fairbanks is in utter confusion, apart from the fact that contention is made in some instances as to alleged parallel causes, that the one in Fairbanks was first commenced or introduced and, on the other hand, the one in Penn-Texas was first commenced and introduced. Furthermore, the Fairbanks’ complaint came months after the second *896 supplemental complaint in Penn-Texas, and consequently the second, fifth, and sixth causes of Fairbanks cannot be a prior pleading, as contended, in relation to the sixth, seventh, and eighth causes introduced into the second supplemental complaint in Penn-Texas; while in the motion in the Fairbanks action it is contended that the causes there were introduced after the sixth, seventh, and eighth causes were introduced into the Penn-Texas action. A consolidated complaint would afford considerable relative simplicity and clarification and it would seem to be the appropriate remedy.
The motions are disposed of as follows. The first and second causes in Fairbanks are dismissed for insufficiency. Relief pursuant to subdivision 3 of rule 107 is denied in each action, with leave to plead defense in each action. Amended complaint in Fairbanks may be served within 20 days from service of a copy of this order.