Jacob J. Schwartzwald, J.
In this action seeking a declaratory judgment as well as defendants’ injunctive relief, defendants move for an order pursuant to rule 3211 (subd. fa], par. 1) of the Civil Practice Law and Buies dismissing the complaint on the ground that there is another action pending between the same parties for the same cause of action.
The action referred to and the basis for this motion was instituted by a number of plaintiffs including the plaintiffs herein seeking injunctive relief, restraining the defendants from erect *331 ing any commercial structure upon the land in question and to remove any portion of such structure erected thereon.
On February 16, 1962 and as a result of a motion made by the defendants therein, Mr. Justice Brenner struck the action from the calendar. No further action or proceeding has been taken by the parties in the matter, nor has any motion been made by the plaintiffs to restore the case to the calendar.
It is apparent that the parties by their actions have demonstrated a clear disregard of the alleged abandonment of the first action and the efficacy of subdivision 2 of rule 302 of the Rules of Civil Practice, by the plaintiffs in this action alleging in their complaint that the first action is presently pending and the defendants by their motion asserting the existence of that action. Under the circumstances, it is the court’s view that the first action is still pending (Marco v. Sachs, 10 N Y 2d 542).
The revisers of the Civil Practice Act and Rules of Civil Practice have in the change-over to the Civil Practice Law and Rules incorporated in rule 3211 (subd. [a], par. 1) the following language: 1 ‘ the court need not dismiss upon this ground but may make such order as justice requires ”. Apparently their intent was to grant the court greater latitude in disposing of such motions and not be restricted or confined to a strict interpretation of the statute by a dismissal of the prior action.
While the actions are in part parallel, the plaintiffs in the latter action seek greater remedies and relief than in the prior action. In accordance with the latitude prescribed by the new rule, the court is of the opinion that consolidation of the actions under the circumstances would be the proper and more appropriate solution to the problems presented (Lemos v. Marketos, 13 A D 2d 767; Fairbanks Whitney Corp. v. Sarlie, 31 Misc 2d 892).
Accordingly the court directs that the actions be consolidated.