■ CARLTON SKINNER, Appellant, v. HARRY KLEIN et al., Respondents.— Order entered December 18, 1964, denying motion by plaintiff to dismiss the

first and second affirmative defenses contained in answer of defendants Klein and Marklein Realty Corporation, unanimously reversed, on the law, with $30 costs and disbursements to plaintiff-appellant, and motion granted, without prejudice, with $10 costs. To establish the defense that the plaintiff is not the real party in interest, it must appear that, by virtue of the payment of plaintiff's claim for damages in full by the insurer or otherwise, the plaintiff was divested of any cause of action. (See *Henderson* v. *Park Cent. Motors Serv.*, 225 App. Div. 788; *Reddington* v. *Elco Merchandizing Corp.*, 236 App. Div. 64; *Par-X Uniform Serv. Corp.* v. *Emigrant Ind. Sav. Bank*, 268 App. Div. 699.) Where the insurer pays to the insured only a portion of the latter's claim for a loss occasioned by the wrongdoing of another, the insured remains the real party in interest entitled to prosecute in his name an action against the wrongdoer. (See *Van Romapaye Trucking Corp.* v. *Heebner*, 85 N. Y. S. 2d 347, 348, and cases cited; 31 N. Y. Jur., Insurance, § 1620, p. 512, and cases cited; see, also, CPLR 1004; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 1004.04, 1004.10, 1018.06.) The plaintiff here claims damages substantially in excess of the sum paid by his insurer; and the defendants' first and second defenses as alleged are insufficiently stated. If, under the circumstances and in the light of the foregoing, the defendants claim to have a complete defense to the action, then, upon proper showing, they may apply to Special Term for leave to amend their answer accordingly. Order entered on December 18, 1964 granting defendants' motion for reargument unanimously affirmed, without costs and without disbursements. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.