■ ROCKAWAY BOULEVARD WRECKING & LUMBER CO., INC., Respondent, v. RAYLITE ELECTRIC CORP., Defendant and Plaintiff-Appellant. CITY OF NEW YORK et al., Defendants-Respondents. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v. ROCKAWAY BOULEVARD WRECKING & LUMBER CO., INC. et al., Third-Party Defendants-Respondents.— Order, entered October 29, 1965, granting respondent Rockaway Boulevard Wrecking & Lumber Company's motion to consolidate, and denying appellant Raylite Electric Corporation's motion to strike an affirmative "real party in interest" defense by defendant Rockaway Boulevard, and granting defendant New York City Housing Authority's motion for leave to interpose a similar defense, unanimously modified on the law, on the facts, and in the exercise of discretion, to

grant appellant's motion to strike the aforesaid affirmative defense, to deny defendant Authority's motion for leave to interpose an affirmative defense, and to provide that Raylite Electric Corporation shall have the right to open and close at the trial of the consolidated action, and as so modified, the order is affirmed, without costs or disbursements to any party. The affirmative defense that appellant Raylite, by virtue of a partial recovery from its insurance carrier, is no longer the real party in interest, must fail both because of Raylite's subrogation-type agreement authorized under CPLR 1004 and on the authority of *Skinner* v. *Klein* (24 A D 2d 433). Consolidation of the two actions was a proper exercise of discretion; they both involve determination of a central factual issue, namely the cause of the fire in question. However, it is usual practice for the Judge who directs consolidation, as distinguished from a direction for a joint trial, to also determine the order of opening and closing statements (*Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438, 440–441; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4016.12, p. 40-58). Appellant Raylite's greater diligence in the substantial prosecution of its action entitles it to open and close in the consolidated action (*id.*, pp. 40-58 to 40-60). Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.