Cakroia/ton A. Roberts, J.
This is a motion for summary judgment pursuant to CPLR 3212. Briefly the facts may be summarized as follows: In March of 1963, defendants were served with a complaint which alleged that the defendant Chamberlain Mobile Home Transport, Inc., had accepted and agreed to transport and deliver a certain 1961 Champion house trailer containing certain articles of personal property belonging to plaintiffs from Groton, Connecticut, to Rochester, New York. Plaintiffs allegedly paid a valuable consideration for the services to be rendered by the defendant Chamberlain Mobile Home Transport, Inc. Defendant Blount was the driver of the trailer. The agreement to transport and deliver entered into by and between plaintiffs and defendant Chamberlain was oral and it was alleged that no bill of lading was issued or signed by either of the parties. In the first cause of action, plaintiffs alleged that the property was not delivered at Rochester by defendant Chamberlain Mobile Home Transport, Inc., and by reason of that fact defendant Chamberlain had breached the agreement entered into by and between the parties and therefore allegedly was liable to plaintiffs in damages. It should be noted that paragraph “ Seventh ” of the complaint requested damages for the personal property transported within the trailer “ excluding the said 1961 Champion House Trailer ”. A second cause of action prayed for damages on the allegation that the personal property of plaintiffs had been destroyed by reason of the negligence of defendants or their agents and employees. A single answer was submitted by an attorney on behalf of both defend *229 ants, and, in addition to admissions and general and specific denials, alleged affirmatively that there was no contract or arrangement for the transportation of the personal property described in the complaint and further that plaintiffs were liable to defendant for certain storage charges. On September 28, 1964, the case came on for jury trial before the Honorable Daniel E. Maceen. A verdict was entered in favor of plaintiffs and against defendant Chamberlain Mobile Home Transport, Inc. in the amount of $1,400. By order dated November 19, 1964, and entered on November 24, 1964, defendants’ motion for a directed verdict and for judgment notwithstanding the verdict was denied. Thereafter on the 27th day of November, 1964, a judgment was entered in favor of plaintiffs against defendant Chamberlain Mobile Home Transport, Inc., in the amount of $1,400, plus interest and costs.
In August of 1965, a second action was commenced by plaintiffs as nominal parties on behalf of their subrogated insurance carrier against defendants for damages in the amount of $4,000 alleged to have been suffered by plaintiffs by reason of the destruction of their mobile home. The theory of the second complaint was exactly the same as that in the first, i.e., the defendant Chamberlain Mobile Home Transport, Inc., was charged with having accepted for transportation and delivery the mobile home with its contents belonging to plaintiffs and of having failed to deliver these goods as agreed. In addition, the complaint alleged that the failure to deliver the mobile home and its contents was solely by reason of the negligence of the defendants without any contributory negligence on the part of plaintiffs. Also, the complaint alleged in paragraph “ Eleventh ”, 11 that the same issues were decided by an action brought by Paul B. Clarcq and Mary Clarcq versus Chamberlain Mobile Home Transport, Inc., and Maurice Blount. Attached hereto are copies of the Summons, Complaint, Answer and Judgment, which Judgment was entered in the Monroe County Clerk’s Office on November 27, 1964. That this prior action is res judicata in regard to this present action now being brought.” Thereafter, issue was joined by an attorney on behalf of defendants by answer which, in addition to admissions and general and specific denials, alleged affirmatively that plaintiffs’ complaint be dismissed on the ground that a single cause of action had been split insofar as the prior action involved property damage, allegedly part of a single cause of action, and the present action involved the remainder of the property damage allegedly arising from the same transaction and occurrence. Thereafter, plaintiffs moved for summary judgment on the *230 ground that the issues raised by the second summons and complaint had been finally decided on the merits in the prior action.
Plaintiffs’ moving affidavit, made in their behalf by an attorney, alleged that the American Fidelity Insurance Company of New York had insured the 1961 Champion trailer and upon the subject loss had paid plaintiffs $4,000. In consideration of this payment, plaintiffs subrogated the American Fidelity Insurance Company to whatever cause of action they might have to recover for the damage to the trailer by a loan receipt executed on the 8th day of January, 1963. The moving affidavit continued to state that the second lawsuit was sued in the name of Mr. and Mrs. Clarcq as nominal plaintiffs only in behalf of the insurance company pursuant to the provisions of CPLE 1004.
Defendant Maurice Blount submitted an affidavit in opposition sworn to on the 3rd day of February, 1968, which stated that the prior judgment did not provide any affirmative relief in favor of plaintiffs and against defendant Blount and that therefore plaintiffs could not obtain such relief in the second action on the basis of any res judicata doctrine. A copy of the judgment was submitted to the court on argument and upon examination it was determined that defendant Blount had not been included in the judgment and that the only relief granted in favor of plaintiffs had been against Chamberlain Mobile Home Transport, Inc. Plaintiffs and defendant Chamberlain Mobile Home Transport, Inc., contended on argument and in their papers that the judgment was intended and the verdict in fact did extend to defendant Blount; but insofar as the judgment itself is silent in this regard, and further fails to specify what relief, if any, was granted defendant Blount against plaintiffs by the verdict, the factual issue of the liability respectively of plaintiffs and defendant Blount remains unresolved and the motion as directed to defendant Blount must therefore be denied.
Defendant Chamberlain Mobile Home Transport, Inc., opposed the motion by an affidavit submitted in its behalf by attorney William A. Specht. That affidavit again stated defendants’ theory that plaintiffs’ second action on behalf of the subrogated insurance company was barred by the theory of splitting a cause of action.
Preliminarily, it should be noted that there no longer is any question as to the propriety of a subrogated insurance carrier suing out a claim in the name of its insured as nominal party plaintiffs. (Skinner v. Klein, 24 A D 2d 433 [1st Dept., 1965]; 3 Carmody-Wait 2d, New York Practice, § 19:29, p. 229.)
It is now settled that the doctrine of mutuality is not an indispensable prerequisite to invoking res judicata and further that *231 res judicata can be used offensively. Moreover, the application of the doctrine of collateral estoppel and res judicata turns principally upon a determination that the issue determined on the merits in the first suit is the same issue involved in the second suit. (B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141 [1967], and United Mut. Fire Ins. Co. v. Saeli, 272 App. Div. 951 [4th Dept., 1947], affd. 297 N. Y. 611 [1947].) In addition to the determination whether justiciable issues of fact exist, the question of law for disposition on this motion is whether the failure of the subrogated insurance company to join in the first lawsuit so that the entire claim for property damage could be tried therein barred the later prosecution of a portion of the property damage claim on the ground that a single cause of action had been improperly split.
Where an insured commenced an action subsequent to receiving payment for a part of a loss from an insurance company and executing a loan receipt and subrogation agreement in consideration thereof to the company, a later suit by the insurance company for the amount so paid may be barred by the rule against splitting a cause of action. (Pearl Assur. Co. v. Epstein, 295 N. Y. 674 [1946].) However, a defendant will not be permitted to assert the rule against splitting where at the time of the first action he knew or possessed sufficient information which reasonably pursued would have given him knowledge of the plaintiff’s (in the second action) status as an insurer and that the plaintiffs had become subrogated to a portion of the insured’s claim against defendant. (Ocean Acc. & Guar. Corp. v. Hooker Electrochem. Co., 240 N. Y. 37 [1925]; Hardware Mut. Cas. Co. v. Smith, 195 Misc. 56 [City Ct., Binghamton, 1949]; Potomac Ins. Co. v. MacNaughton, 191 Misc. 362 [Spec. Term, Monroe County, 1948].) In addition, it is clear that the rule against splitting may be waived by a defendant by his failure to affirmatively assert it in either action until after recovery of judgment in one of them. (Glazier v. Singer, 257 App. Div. 84 [4th Dept., 1939]; Nicholas v. Standard Aircraft Prods., 43 N. Y. S. 2d 85 [Mun. Ct., N. Y.].)
Copies of certain correspondence and plaintiffs’ first complaint make clear that defendant Chamberlain Mobile Home Transport, Inc., either knew or should have known that a portion of plaintiffs’ property damage claim had been subrogated to the American Fidelity Insurance Company of New York upon payment by that company of the $4,000 claim on the 1961 Champion mobile home belonging to plaintiffs. The first action was commenced by plaintiffs in March of 1963. Thereafter, on the 25th day of June, 1963, a representative of the American Fidel *232 ity Insurance Company wrote to the Royal Globe Insurance Company, the insurer of Chamberlain Mobile Home Transport, Inc., asserted coverage of the instant occurrence under the terms of that policy, and requested reimbursement from Royal Globe for the $4,000 paid to plaintiffs. On July 8,1963, the Royal Globe Insurance Company replied to the American Fidelity Insurance Company that it did not consider the subject occurrence to be within the coverage of the policy and by reason of that fact declined to pay the claim. Two additional letters were exchanged by the companies on July 11, 1963, and July 16, 1963, respectively, confirming what had been stated in the prior letters. The first action went to trial on the 28th day of September, 1964, and, prior to the entry of the final judgment entered pursuant to the jury verdict on the 27th day of November, 1964 the American Fidelity Insurance Company, on October 5, 1964, sent a demand letter to Chamberlain Mobile Home Transport, Inc., stating that American intended to recover the full amount of their $4,000 payment to the plaintiffs from defendant Chamberlain Mobile Home Transport, Inc. Plaintiffs’ original complaint in paragraph ‘ ‘ Seventh ’ ’ specifically excluded any claim for damage resulting from the destruction of a 1961 Champion house trailer. Defendants’ answer denied the allegations contained in paragraph “ Seventh ” of the complaint and failed to affirmatively assert a splitting of a cause of action in defense. In addition, defendants made no effort to join the American Fidelity Insurance Company as a party in the first lawsuit.
Defendant Chamberlain Mobile Home Transport, Inc., did not personally submit an affidavit in opposition to plaintiffs’ motion for a summary judgment but its attorney stated in his opposing affidavit submitted on . behalf of Chamberlain “ that at no time prior hereto has the interest of the American Fidelity Insurance Company been made known with respect to the instant matter until January 16,1968, at which time S. A. Halaby Jr., Esq., of counsel, makes certain allegations in his moving affidavit.” The law is well settled that an attorney’s affidavit made without personal knowledge is insufficient to oppose the motion for summary judgment. (Behrens v. Shawmut Trans. Co., 22 Misc 2d 892 [Spec. Term, Queens County, 1959]; O’Meara Co. v. National Park Bank of N. Y., 239 N. Y. 386 [1925]; Lee v. Graubard, 205 App. Div. 344, 346-347 [1st Dept., 1923]; Anderson v. City of New York, 258 App. Div. 588 [2d Dept., 1940]; Gnozzo v. Marine Trust Co., 258 App. Div. 298, 299 [4th Dept., 1939], affd. 284 N. Y. 617 [1940]; Heiter v. Heiter, 2 Misc 2d 904, 905 [Spec. Term, Westchester County, 1956].) The conclusory allegation in the answering affidavit submitted *233 by the attorney for one of the defendants is insufficient to place the question whether defendant Chamberlain Mobile Home Transport, Inc., knew or should have known of the subrogation of part of the property damage claim by plaintiffs prior to or during the time of pendency of the prior action in issue. The documentary evidence before the court clearly establishes that defendant Chamberlain Mobile Home Transport, Inc., either knew or should have known of the subrogation of part of the property damage claim prior to or during the pendency of plaintiffs’ prior action for recovery of a portion of the property damage. In addition, it must be noted that defendant Chamberlain Mobile Home Transport, Inc., at no time during the pendency of the first action moved to add the subrogated insurance company as a party plaintiff. A genuine issue of fact has not been raised by defendant Chamberlain Mobile Home Transport, Inc., on the question of knowledge of the subrogation. (Shapiro v. Health Ins. Plan, 7 NY 2d 56, 63 [1959]; Rubin v. Irving Trust Co., 305 N. Y. 288, 306 [1953]; Kramer v. Harris, 9 A D 2d 282, 283 [1st Dept., 1959]; White v. Merchant Despatch Transp. Co., 256 App. Div. 1044 [4th Dept., 1939]; Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659 [1945].)
There is no question that the liability issue decided in the prior lawsuit in favor of plaintiffs and against defendant Chamberlain Mobile Home Transport, Inc., is exactly the same liability issue raised by the instant lawsuit. Defendant Chamberlain Mobile Home Transport, Inc., has had its day in court and after jury trial has been adjudged liable for the property damage loss suffered by plaintiffs. Where the same issue clearly is raised in the second lawsuit and has been determined against defendant in the prior lawsuit and where, in addition, there is no question that Chamberlain Mobile Home Transport, Inc. either knew or should have known of the subrogation of a portion of plaintiffs’ property damage claim to the American Fidelity Insurance Company, defendant Chamberlain cannot seriously contend that the second lawsuit commenced by plaintiffs on behalf of the insurance company is an improper harassment or splitting of a cause of action. (General Acc. Fire & Life Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227, 231 [1935].) There certainly is no question that if the trailer had belonged to a third party not connected with plaintiffs, defendants could not challenge his right to sue separately, notwithstanding the multiplicity of suits involving the same issues and evidence arising out of the instant occurrence. In point of fact there is no splitting of a single cause of action since one must distinguish between an action brought by the real party in interest, as by *234 the plaintiffs in the first lawsuit, and a suit by a nominal party to recover losses in which he has no real interest. (Fidelity & Guar. Fire Corp. v. Silver Fleet Motor Express, 242 Ala. 559 [1942].)
Accordingly, defendant Chamberlain Mobile Home Transport, Inc., is bound by the judgment on behalf of plaintiffs in the prior lawsuit. Judgment should be entered on the issue of liability in favor of the nominal plaintiffs Clarcq and against Chamberlain Mobile Home Transport, Inc., for the loss of the 1961 Champion trailer. The nominal plaintiff may apply for a hearing at Part I to fix the amount of damages. Upon the determination of the amount of damages, the appropriate summary judgment should be entered in favor of plaintiffs and against defendants. For the reasons stated above, the motion for summary judgment is in all respects denied as to the defendant Blount.