■ WESTERN INTERNATIONAL HOTELS COMPANY and/or ST. FRANCIS HOTEL CORP., Doing Business as HOTEL ST. FRANCIS, Appellants, v. ARISTA STUDENT TRAVEL ASSOCIATION, INC., Respondent.— Order, entered on February 8, 1968, granting defendant's motion to stay prosecution of this action pending final resolution of an action commenced by plaintiffs' insurance company, as subrogee, in the United States District Court, Southern District of New York, unanimously reversed on the law, the facts and in the exercise of discretion and motion denied, with $30 costs and disbursements to appellants. Plaintiffs have no standing in, or control over, the prosecution of the Federal action and their rights should not be made to await the termination of that action. Concur — Capozzoli, J. P., Markewich, McNally and Steuer, JJ.; McGivern, J., dissents in the following memorandum: Unfortunately, I cannot reconcile this disposition with what we have almost simultaneously said in *Krisel* v. *Phillips Petroleum Co.* (32 A D 2d 628), to wit, that " the progression of two actions of such common identity against the same defendant in separate forums, is indefensible. Such a course would place an undue burden on Phillips and constitute a waste of judicial energies. (See *Greenwich Marine* v. *S. S. Alexandra*, 339 F. 2d 901, 905.) " The same over-riding principle is involved here. The reason assigned by the majority for reversal is not adequate. Accordingly, I agree with Special Term that the complaints in both actions predicate liability on the same theory, involving the same incident, and for all

practical consideration the same parties inasmuch as the plaintiff insurance company in the Federal action sues as subrogee of the plaintiffs in this action following payment to plaintiffs of the damages incurred by them by virtue of the conduct of the defendant. The substantial identity of the parties and the issues is recognized by the concession in the brief of the plaintiffs-appellants that a final determination in either action would be res judicata as to the other. I would affirm.