David O. Boehm, J.
This action originated in a temporary restraining order obtained by the plaintiff against the defendant enjoining it from proceeding under a security agreement to effect collection of moneys owred by the plaintiff to the defendant by recourse against securities and accounts receivable assigned as collateral.
The temporary restraining order was obtained preliminary to plaintiff’s motion for a temporary injunction pending its action for damages claimed by reason of defendant’s breach of an agreement modifying the original loan agreement whereby, the plaintiff alleges, the defendant agreed not to pursue collection of the plaintiff’s indebtedness pending its effort to obtain other financing. The same action also demanded damages for conversion because of defendant’s wrongful transfer of $25,000 from the plaintiff’s checking account on deposit with the defendant as a credit against the $200,000 principal balance owed by the plaintiff to the defendant, and a third cause of action seeks a permanent injunction preventing defendant from selling or resorting to the collateral assigned to it.
The defendant did not interpose an answer to the complaint but, in resisting the application for a temporary injunction, attacked the legal sufficiency of the complaint.
The plaintiff has since paid in full the principal and accrued interest to the defendant and the indebtedness has been *434 discharged and the collateral released after additional legal proceedings. As a condition of doing so, however, the defendant required the plaintiff to set up an escrow account of $7,700 to cover the defendant’s attorney’s fees, disbursements and other costs in connection with this litigation "and the secured debt relationship involved in such litigation.”
The plaintiff now seeks to amend its complaint pursuant to CPLR 3025 and 3211 (subd [e]) if the defendant’s motion to dismiss the original complaint is granted.
This opinion is directed solely to the original complaint, except the third cause of action therein requesting the injunction which is now moot, and the first, second and third causes of action in the plaintiff’s proposed amended complaint. Amendment was granted at argument to permit a new fourth cause of action having to do with the $7,700 escrow account.
The amendment of a pleading is permissible at any time by leave of court to set forth additional allegations or causes of action and such leave should be given freely (CPLR 3025, subd [b]).
However, where the proposed amendments are palpably insufficient as a matter of law, leave should be denied, even in the absence of a motion addressed to the sufficiency of the pleading (East Asiatic Co. v Corash, 34 AD2d 432; Norton v Norton, 12 AD2d 1003; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.23). To permit an amended pleading under such circumstances would serve no purpose except to postpone the inevitable.
Such is the situation in this case. The original complaint alleges, in substance, that the defendant’s set off of $25,000 from the plaintiff’s general checking account was a conversion and in violation of an enforceable agreement to forbear; that further, the defendant willfully impaired the plaintiff’s credit to its damage.
In the proposed amended complaint, the agreement to forbear by the defendant is attempted to be supported by a course of conduct and by letters of February 3 and 14, 1975 from a bank officer. However, these letters contain nothing more than an acknowledgment of extensions of payment upon the loan which the defendant had previously granted, demand for payment in full, information that $25,000 had been transferred from plaintiff’s account and a complaint that plaintiff had failed to communicate as promised. These, together with the oral discussions between the parties, fall far short of the *435 requirements of sections 5-1103 and 15-301 of the General Obligations Law requiring modifications to be supported by consideration or to be in writing and signed by the party to be charged (Bakhshandeh v American Cyanamid Co, 8 AD2d 35). In addition, article 9 of the security agreement between the parties requires that any waiver by the defendant be in writing and signed by it. The letters do not meet this requirement either (see Strassburger v Irving Trust Co., 261 App Div 210, affd 288 NY 499).
The payment of $25,000 to the defendant upon the note, which was a demand note and therefore mature and due when issued (Uniform Commercial Code, § 3-122), constituted nothing more than a partial payment upon a valid and existing obligation. There had been numerous meetings between the plaintiff and the defendant beginning in July, 1974 and the deadlines for final payment were extended several times. On February 3, 1975 defendant demanded payment of the balance due. At a meeting on February 4, 1975 payment was again demanded. The plaintiff, which was negotiating for financing from other banking sources and needed the time to consummate a new arrangement, paid $25,000 upon the principal of its note, leaving a balance due of $175,000.
This partial payment upon a due and existing indebtedness does not constitute sufficient consideration for forbearing to collect the balance. The plaintiff was already legally obligated to pay. Consequently, its promise to pay the balance due in the future is inadequate consideration to support an alleged agreement to extend the time of payment (Olmstead v La-timer, 158 NY 313; National Commercial Bank and Trust Co. v Bart Boat Co., 41 AD2d 159).
Since a modification agreement would be unenforceable by the plaintiff, it may not claim a conversion of the additional $25,000 transferred from its account by the defendant on February 14, 1975 as an additional payment upon the principal balance. The debt having matured, and the funds being in a general business account, defendant had the right to exercise its common-law right of setoff or "banker’s lien”. (Sandler v United Ind Bank, 23 AD2d 567; see, also, Uniform Commercial Code, § 3-201.) Further, plaintiff’s funds were applied to the plaintiff’s own benefit for the purpose of reducing its indebtedness.
With respect to the plaintiff’s cause of action claiming that the defendant furnished false credit reports, plaintiff labels *436 this proposed amendment in its memorandum of law as a prima facie tort. It is alleged that such credit reports were furnished by the defendant to the financial institutions from whom plaintiff was seeking new financing. The fact is, however, that new financing was obtained by the plaintiff from one of the financial institutions and, as a result, the defendant’s note was discharged in full and the collateral released.
As to the allegation that the wrongful transfer of the $25,000 caused some of the plaintiff’s checks to be returned for insufficient funds, thereby causing an impairment of its credit standing and reputation with customers and creditors, the plaintiff has failed to particularize the damages sustained. All that the plaintiff has set forth is a general allegation of damages in the sum of $2,000,000. This fails to meet the law’s very definite requirements that the special damages suffered must be specifically pleaded. The failure to do so is fatal to the plaintiff’s action (Morrison v National Broadcasting Co., 19 NY2d 453; Leather Development Corp. v Dun & Bradstreet, 15 AD2d 761).
As recently as November 7, 1974, the First Department stated with respect to a similar motion to dismiss: "Regarding the claim asserted in the sixth cause of action as one for prima facie tort, it does not state a viable cause in the absence of an allegation of special damages. A necessary element in pleading prima facie tort is a particularized statement of the reasonably identifiable and measurable losses suffered.” (Skouras v Brut Prods, 45 AD2d 646, 648.)
Although the cases presented by the plaintiff in its memorandum correctly reflect the principles of law for which they are cited, they are not applicable to the factual situation here.
The defendant’s motion to dismiss the plaintiff’s complaint is granted, with costs, and the plaintiff’s motion to amend its complaint is denied (CPLR 3211, subd [e]), except as to the fourth cause of action.
Submit order.