*830 OPINION OF THE COURT
S. Herman Klarsfeld, J.
The plaintiff stock brokerage firm commenced an action against its former customer in the regular part of this court for money damages in excess of the monetary jurisdiction of the Small Claims Part arising out of an alleged debit balance in the defendant’s brokerage account. Thereafter, the defendant customer commenced a proceeding in the Small Claims Part of this court against the plaintiff for money damages resulting from an alleged unauthorized sale of stock and for retaining the proceeds of sale.
The plaintiff moves herein under CPLR 602 (subd [a]) to consolidate both actions to the regular part of this court, on the grounds that common questions of law and fact are involved.
In determining whether the plaintiff is entitled to this relief, an examination of the purpose and effect of subdivisions (a) and (b) of section 1805 of the New York City Civil Court Act is necessary.
Subdivision (a) of section 1805 authorizes the court to transfer any small claims action to the regular part of this court upon such terms as the rules may provide.
Former subdivision (b) of section 1805 provided, inter alia, that if a defendant interposed a counterclaim in excess of the monetary jurisdiction of the Small Claims Part, the court shall transfer the entire case forthwith to the regular part of the court upon payment of the appropriate filing fees by the defendant. This caused abuses by the practice of some defendants in filing frivolous counterclaims in excess of the permitted jurisdictional amount in small claims thereby mandating the court to transfer the entire case to the regular part of the court. Subdivision (b) of section 1805 often frustrated the purposes for which small claims were established to save time, expenses and legal fees. To remedy these abuses, the Legislature recently amended subdivision (b) of section 1805 of the Civil Court Act in chapter 77 of the Laws of 1977 by providing that: "No counterclaim shall be permitted in a small claims action, unless the court would have had monetary jurisdiction over the counterclaim if it had been filed as a small claim. Any other claim sought to be maintained against the claimant may be filed in any court of competent jurisdiction.”
The issue presented on this motion is apparently one of first *831 impression to determine if the recent amendment to subdivision (b) of section 1805 is a procedural obstacle against granting a consolidation of a small claims proceeding with a case pending in the regular part of this court under CPLR 602 (subd [a]) where common questions of law and fact are involved.
Clearly, it was the intent of the Governor and the Legislature in amending subdivision (b) of section 1805 of the Civil Court Act to prohibit the transfer of a small claims proceeding by the defendant lodging a frivolous counterclaim in excess of the monetary jurisdiction of the Small Claims Part. The movant herein cannot be accused of attempting to frustrate the purposes for which small claims were established. The plaintiff did not interpose a counterclaim in a pending small claims proceeding. Its action was commenced in the regular part of this court approximately six months prior to the commencement of the small claims proceeding by the defendant.
The present tendency is to permit consolidation whenever possible without injustice to any of the parties. (Bershadsky v Harvilla, 279 App Div 701.)
It is the opinion of this court that Special Term is not limited by subdivision (b) of section 1805 of the Civil Court Act in granting a consolidation of a small claims proceeding with an action pending in the regular part of this court even if the plaintiff had commenced its action subsequent to the small claims proceeding, in the sound exercise of discretion, where common questions of law and fact are involved. Although the legislative intent to minimize small claims transfers to the regular part of this court is clear, the Legislature surely did not intend to create greater abuses that would follow in subjecting litigants to multiplicity of trials which might result in divergent decisions and certainly impose the burdens of additional time, expense and legal fees.
In a proper case, such as the one at bar, the court can impose conditions in ordering a consolidation in the interests of fairness and justice, to avoid prejudice to the substantial rights of litigants. (Reuss v Moiseenko, 17 Misc 2d 424; Edelstein v Hacker, 152 NYS2d 525; Soloman v Belden, 12 Abb NC 58; Kappa Frocks v Alan Fabrics Corp., 263 App Div 326.)
The plaintiff commenced its action first and therefore shall have the right to open and close. (Rockaway Blvd. Wrecking & Lbr. Co. v Raylite Elec. Corp., 25 AD2d 842.) The removal of *832 defendant’s claim to the regular part of this court shall not suspend the small claims nature of the defendant’s case and defendant shall be permitted to prosecute her claim under the informal and simplified procedures set forth in section 1804 et seq. of the Civil Court Act.
Accordingly, the plaintiff’s motion to consolidate is granted upon the foregoing terms.
The small claims proceeding instituted by this defendant against this plaintiff shall be stricken from the small claims calendar and shall be consolidated with this action and in the interest of justice shall be deemed to be a general denial and counterclaim.