OPINION OF THE COURT
Charles H. Cohen, J.
Plaintiff claims it suffered certain damages when a crane it had leased to defendant was damaged on August 15, 1980.
" Plaintiff brought an action in this court against defendant, under Index No. 19184/1981, to recover $29,625 for loss of rental value of that crane from August 15, 1980 to December 6, 1980. The defendant in that action brought a third-party action against Rivara Construction Corp.
Plaintiff has brought a second action in this court against defendant, under Index No. 15867/1982, to recover $59,108 for actual damage to the crane.
Defendant now makes a motion for an order dismissing the complaint in the second action on the ground that there *269 is another action pending between plaintiff and defendant “for the same cause of action” (see CPLR 3211, subd [a], par 4).
Plaintiff, by its attorney in the second action, has made a cross motion to consolidate the two actions. Its attorney points out that St. Paul Insurance Company (St. Paul) had insured plaintiff for damage to the crane and upon payment to plaintiff it became subrogated to the rights of plaintiff to recover for such damage, and brought the second action in the name of plaintiff to recover what it paid to plaintiff for damage to the crane. He further points out that St. Paul did not pay for loss based upon lost rental value and could not include such an item in its lawsuit, and that in the first action the plaintiff itself is suing to recover for any lost rental value.
Defendant contends that by bringing two actions, there is an improper splitting of a cause of action. Yet, while the claim set forth in each action arose out of the same incident, it must be emphasized that a different recovery is sought in each action by a different real party although by the same nominal party.
Upon St. Paul making payment for the actual damage to the crane under an existing insurance policy, it acquired a claim for such damage (see Rockaway Blvd. Wrecking & Lbr. Co. v Raylite Elec. Corp., 25 AD2d 842). Yet, the payment to plaintiff by St. Paul, its insurer, of that part of the loss did not divest the plaintiff of its claim for any lost rental value (Montana Power Co. v Janson, 29 AD2d 641; Skinner v Klein, 24 AD2d 433). Thus, plaintiff retained a claim, which it was entitled to prosecute, in addition to the claim St. Paul received by right of subrogation and which, pursuant to CPLR 1004, could be brought in plaintiff’s name (as well as in its own name) (Motors Ins. Corp. v American Garages, 94 Misc 2d 338, affd 98 Misc 2d 887).
The nominal plaintiff could not properly institute suit upon the claim which its insurer, St. Paul, had paid and had become the subrogee. Yet, the insurer could not properly institute suit, either in its own name or in the name of plaintiff, with respect to the claim it had not paid. Under these circumstances, where the action last instituted did *270 not encompass any part of the claim being asserted in the first action but asserted only a subrogation claim as permitted by CPLR 1004 in which plaintiff was merely a nominal party, there was no improper splitting of a cause of action (Clarcq v Chamberlain Mobile Home Transp., 58 Misc 2d 227, 233; see, also, Rockaway Blvd. Wrecking & Lbr. Co. v Raylite Elec. Corp., supra; Skinner v Klein, supra).
Nevertheless, it is desirable that there be one action in which the entire question of liability and damage be tried together (Lemos v Marketos, 13 AD2d 767). The court agrees with defendant’s position that it should not be burdened “with an unnecessary duplication of lawsuits.” Fortunately, there is a solution to this problem.
CPLR 3211 (subd [a], par 4), in providing for a motion to dismiss a cause of action on the ground that “there is another action pending between the same parties for the same cause of action”, goes on and states that “the court need not dismiss upon this ground but may make such order as justice requires”. Since there was in this situation a valid reason for the institution of separate actions — the insurance coverage of the actual damage claim resulting in subrogation — the court will not grant the motion to dismiss (see Western Int. Hotels Co. v Arista Student Travel Assn., 32 AD2d 630).
As already indicated, the court is mindful of defendant’s plaint that it should not be burdened with two lawsuits. The solution to the problem would be the granting of the cross motion to consolidate pursuant to CPLR 602. This would serve the interests of justice and would be a proper and appropriate solution to the problem presented (Cooperman v C.O.R. Land Corp., 41 Misc 2d 330; see, also, Keenan v American Bridge Div.-US. Steel Corp., 31 AD2d 637; Rockaway Blvd. Wrecking & Lbr. Co. v Raylite Elec. Corp., 25 AD2d 842, supra). If there should be any conflict arising from the representation of the nominal plaintiff by more than one attorney, this may be resolved by the Trial Judge (see Chemprene, Inc. v X-Tyal Int. Corp., 55 NY2d 900).
Accordingly, the motion to dismiss is denied and the cross motion to consolidate is granted. Also, the motion of *271 the third-party defendant for an order directing the taking of depositions is granted.