■ Victor McL. Day, Respondent, v. Lester J. Dworman et al., Copartners Doing Business as Dworman Associates, Appellants.— Order, entered on October 23, 1962, unanimously reversed, on the law, with $20 costs and disbursements and the motion, insofar as it seeks a dismissal of the first and second causes of action as against appellants for insufficiency, granted, with leave to respondent, in the exercise of discretion, to replead the first cause of action against appellants if so advised. The first cause of action seeks a recovery against the appellants based upon plaintiff's status as either a finder or a broker. Such alternative pleading to be sufficient requires support in the pleading for both theories of recovery. (*Ebenstein* v. *Pritch,* 275 App. Div. 256; *Sicklick* v. *Schasseur,* 221 App. Div. 742.) We find the first cause of action insufficient to spell out liability on the part of the appellants to plaintiff as a broker. To establish a right to a broker's commission it is essential that a hiring be demonstrated. (*Globus Realty Corp.* v. *Fleetwood Terrace,* 275 App. Div. 34, affd. 301 N. Y. 783.) There is no allegation that there was such a hiring by appellants nor any allegation permitting of such an inference. The allegation in Paragraph " Seventh " that " the defendants Dworman agreed and understood that plaintiff * * * was entitled to and would receive a broker's commission and/or a finding fee" is insufficient to allege such a hiring. Nor

is there sufficient in the complaint to support a claim for a finder's fee as against appellants. There is nothing to indicate that appellants agreed to pay such a fee. The allegation that appellants " agreed and understood that plaintiff * * * was entitled to and would receive a * * * commission * * * or finding fee " is not equivalent to an allegation that appellants agreed to make such payment. The second cause of action against appellants purports to allege a conspiracy by them, along. with others, to deprive plaintiff of his compensation. No cause of action lies against these appellants for a conspiracy to breach their own agreement, if indeed one was made. (*Labow* v. *Pari-Ti Corp.*, 272 App. Div. 890.) In view of this disposition there is no need to pass upon the other aspects of appellants' motion. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.