■ In the Matter of the Trust of ELMER B. TYRREL, as Grantor. B. HAROLD TYRREL, Appellant-Respondent. MANUFACTURUERS HANOVER TRUST COMPANY, as Successor Trustee, Respondent-Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered December 15, 1976, unanimously modified, in the exercise of discretion, to strike from the judgment the words "and the respective parties' attorneys fees and disbursements" in the third decretal paragraph thereof, and, as so modified, affirmed, without costs and without disbursements. The purpose for which we previously remanded, i.e., critical examination by the referee "with respect to the transactions reflected in the balance sheet entries of 1946 and 1947" (46 AD2d 643), has been fully accomplished and it is now amply demonstrated by documentation that nothing untoward occurred in respect of administration of the subject trust. However, because the transactions did at first blush appear to involve conflict of interest, owing doubtless to the rather informal procedures availed of, there was ample reason for the objectant to question the transactions under examination, now shown to have been innocent. In these circumstances, we conclude that, while the trust corpus should bear the expense of the reference, each side should be responsible for its own counsel fees. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.

■ INDUSTRIAL & COMMERCIAL REALTY ASSOCIATES COMPANY, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant.—Order, Supreme Court, New York County, entered June 2, 1977, denying defendant-appellant's motion to dismiss the amended complaint for insufficiency, unanimously reversed, on the law, defendant's motion is granted, and the amended complaint dismissed, without costs and without disbursements, without prejudice to an application at Special Term, if plaintiff is so advised, for leave to replead. In this action by a real estate broker to recover on a claim for a "finder's fee" defendant's motion to dismiss was denied on the ground that "A licensed real estate broker is not barred from maintaining a lawsuit to recover a finder's fee, where, in fact, he has entered into a *special contract* to act *solely* as a finder" (emphasis supplied). Had plaintiff so pleaded, the observation would have been correct. However, there is nothing in the complaint to distinguish the transaction at bar from an ordinary brokerage arrangement, nor is there anything contained therein which indicates plaintiff was engaged to act solely as a finder. Moreover, plaintiff seeks recovery in *quantum meruit* on an implied promise. Yet, to recover as a finder plaintiff-broker must establish an express "special contract" to act in that capacity, and the terms thereof. (*Day v Dworman*, 18 AD2d 989.) There is nothing to indicate such an express contract. Although the pleading is insufficient to establish that plaintiff is entitled to a finder's fee, it may possibly possess facts which, properly pleaded, would entitle it to compensation. Accordingly, this disposition is without prejudice to an application at Special Term for leave to replead. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.