■ JOSEPH FARAINO, Respondent, v CENTENNIAL INSURANCE COMPANY et al., Appellants, et al., Defendant. — In an action to recover damages, *inter alia,* for breach of a covenant of good faith under an insurance contract, the appeal is from an order of the Supreme Court, Kings County (Kramer, J.), dated April 21, 1983, which, *inter alia,* denied appellants' motion for summary judgment dismissing the action as against them. ¶ Order reversed, on the law, with costs, appellants' motion for summary judgment granted and action dismissed as against them. ¶ On October 24, 1981, a boat owned by plaintiff was destroyed by fire. Plaintiff claims that the fire originated in another vessel, owned by defendant Charles Baron, which spread to his boat, and that the fire was caused by Baron's negligence. ¶ Appellants issued a policy covering plaintiff's boat for $25,000, with a $250 deductible. In accordance with the terms of the policy, appellants paid plaintiff the sum of $24,750, representing full payment less the deductible, and, in exchange therefor, plaintiff signed a loan receipt in which he granted them subrogation rights. ¶ Appellants chose not to commence a subrogation action. Some three and one-half months after execution of the loan receipt, plaintiff commenced this action, alleging damage to the boat in excess of the $24,750 paid and claiming $30,000 for loss of personal property not covered by the insurance policy. Plaintiff contends that appellants "failed and refused to subrogate, adjust and/or otherwise attend to the claim so as to protect plaintiff's interests with regard to the value of said vessel over and above the sum of $25,000.00 policy of insurance herein, prejudicing the plaintiff and breaching its contract of insurance with the plaintiff". The claim for personal property damage of $30,000 is based solely on the alleged negligence of defendant Baron. ¶ Special Term denied appellants' motion, *inter alia,* for summary judgment dismissing the action as against them. In a wide-ranging opinion, Special Term concluded that appellants may have breached an "obligation of good faith" (*Faraino v Centennial Ins. Co.,* 117 Misc 2d 297, 301-302). We reverse. ¶ The loan receipt device employed in this case "is not a banking or financial operation but a device for the payment

absolute of an insurance loss, coupled with a fictional implementation to permit the insurer to sue in the name of the insured" (*Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 21 AD2d 160, 164, affd 17 NY2d 857). This fiction enables the insurer to bring an action against the alleged tort-feasor to enable it to recover the amount it has paid to the insured. ¶ This fiction does not, however, require the insurer to commence such an action. Moreover, where, as here, "the insurer pays to the insured only a portion of the latter's claim for loss occasioned by the wrongdoing of another, the insured remains the real party in interest entitled to prosecute in his name an action against the wrongdoer" (*Skinner v Klein,* 24 AD2d 433, 434). Inasmuch as the loan receipt, by its very terms, is limited to the $24,750 sum stated and plaintiff has in no sense been barred from pursuing his claim against defendant Baron, plaintiff clearly has suffered no damage from the appellants' determination not to pursue subrogation rights. Indeed, once the insurer opted to forgo suit, the "loan" was deemed to be final payment under the policy (*Luchenback v McCahan Sugar Co.,* 248 US 139). ¶ Finally, we note that the plaintiff alleges that appellants insured Baron's vessel as well. To require appellants to pursue subrogation rights in such circumstances might very well violate public policy (see *Hartford Acc. & Ind. Co. v Michigan Mut. Ins. Co.,* 93 AD2d 337, 339; *Chrysler Leasing Corp. v Public Administrator,* 85 AD2d 410, 416). Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.