■ CHARLES GILMAN, Doing Business as APPAREL CONNECTIONS INTERNATIONAL, Appellant, v TOMMY HILFIGER et al., Respondents.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 27, 1989, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an agent representing fashion designers, sought to represent defendant Hilfiger in any licensing negotiations he might arrange. Defendant, however, at no point executed plaintiff's standard form agreement. Plaintiff arranged and attended two initial meetings between defendant and officers of Murjani International Ltd. Five weeks later, defendant and Murjani entered into a lucrative licensing arrangement. In these intervening negotiations, defendant Hilfiger was represented by advisors with whom he had relationships predating his introduction to plaintiff. The complaint fails to satisfy the Statute of Frauds. (General Obligations Law § 5-701 [a] [10].) While plaintiff did not assert a cause of action for breach of an express contract, but rather styled his claim as one for quantum meruit, he was still required to produce a writing subscribed by defendant or his lawful agent evidencing the fact of his employment by defendant. *(Cohon & Co. v Russell,* 23 NY2d 569, 575-576; *Blye v Colonial Corp.,* 102 AD2d 297.) Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.