■ LEWIS TEDALDI, Also Known as LOU TEDALDI, Respondent, v DAVID LERNER et al., Appellants.—In an action to recover damages for fraud, the defendants appeal from (1) so much of an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated January 26, 1989, as denied their motion to compel summary judgment dismissing the complaint in its

entirety, (2) so much of an order of the same court, dated August 17, 1989, as granted the plaintiff's motion to compel compliance with an outstanding discovery order, and (3) an order of the same court, dated November 14, 1989, which (a) denied that branch of the defendant's motion which sought renewal of the prior motion for summary judgment, and (b) denied that branch of their motion which sought sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the appeals from the orders dated January 26, 1989, and August 17, 1989, are dismissed as abandoned; and it is further,

Ordered that the appeal from so much of the order dated November 14, 1989, as denied that branch of the defendants' motion as sought renewal of a prior motion is dismissed, as that motion was actually a motion seeking reargument, the denial of which is not appealable; and it is further,

Ordered that the order dated November 14, 1989, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Generally, an application for leave to renew a prior motion must be based upon additional material facts which existed at the time the prior motion was made, but which were not then known to the party seeking leave to renew (Foley v Roche, 68 AD2d 558). The additional material facts upon which the defendants relied in support of their renewal motion were contained in the bill of particulars which was served upon the defendants almost five years before the motion they sought to renew was made. The defendants having failed to offer a reasonable explanation as to why this information was not submitted to the court in support of the original motion, the court did not err in considering this a motion to reargue the original order, the denial of which is not appealable (see, DeFreitas v Board of Educ., 129 AD2d 672).

We have considered the defendants' contention that they are entitled to sanctions pursuant to 22 NYCRR 130-1.1, and find it to be without merit. Bracken, J. P., Brown, Kunzeman and O'Brien, JJ., concur.