■ FIDELITY BUSINESS BROKERS, INC., Respondent, v GEORGE A. GAMALDI, SR., et al., Appellants, et al., Defendant.—In an action to recover a real estate and business broker's commission, the appeals are from (1) so much of an order of the Supreme Court, Nassau County (Malloy, J.), entered December 5, 1990, as denied those branches of the appellants' cross motion which were for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) so much of an order of the same court, dated January 29, 1991, as denied their motion for reargument.

Ordered that the appeal from the order dated January 29, 1991, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument *(see, Tedaldi v Lerner,* 172 AD2d 603); and it is further,

Ordered that the order entered December 5, 1990, is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to an alleged oral agreement entered into on August 14, 1989, the plaintiff seeks to recover a commission for its services rendered in connection with procuring a buyer for certain grocery stores and real property owned and operated by the appellants. The appellants' cross motion for summary judgment dismissing the complaint on the grounds that it failed to state a cause of action and that recovery was barred by the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [1]) was denied.

We agree with the Supreme Court that the contract in question need not have been in writing since the plaintiff is a licensed real estate broker and is expressly exempt from the requirements of the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [10]; *see, e.g., Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008). Thus, neither recovery of damages for breach of contract, nor in quantum meruit, was precluded by the absence of a signed writing evidencing the parties' agreement *(see generally, Minichiello v Royal Bus. Funds Corp.,* 18 NY2d 521, *cert denied* 389 US 820; *Gilman v*

*Hilfiger,* 169 AD2d 485; *Newman v Crazy Eddie, Inc.,* 119 AD2d 738).

We further find that a cause of action sounding in breach of contract was sufficiently pleaded to withstand a motion to dismiss under CPLR 3211 (a) (7) *(see,* Siegel, NY Prac § 265 [2d ed]). Moreover, summary judgment was properly denied in this case since the appellants failed to make a prima facie showing of entitlement to judgment as a matter of law through evidence eliminating any material issues of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The appellants' remaining contentions are either not properly before this Court, or without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.