■ HERBERT WINKELMANN et al., Appellants, v EXCELSIOR INSURANCE COMPANY, Respondent. [612 NYS2d 229] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered February 25, 1992, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This appeal concerns a companion case *Winkelmann v Hockins* (204 AD2d 623 [decided herewith]).

The plaintiff policyholders sued their insurance carrier, the defendant Excelsior Insurance Company (hereinafter Excelsior), for damages based on the claim that Excelsior, after settling with the plaintiffs, settled its subrogation claim with the alleged tortfeasors' insurance carrier, the Colonial Indemnity Insurance Company, to the plaintiffs' detriment and before the plaintiffs were made whole for losses that they had suffered beyond the amount received from Excelsior.

As a general rule, an insurance carrier that has paid part of a loss to a policyholder may proceed *pro tanto* against a third-party whose negligence or wrongful act allegedly caused the loss *(see, Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366; *Faraino v Centennial Ins. Co.,* 103 AD2d 790). This rule applies here. Thus, since Excelsior had the right to settle its

own subrogation claim, the Supreme Court properly granted Excelsior summary judgment and dismissed the complaint.

We note that, if the prejudice alleged by the plaintiffs does arise, it may be addressed at that time by an appropriate action *(see,* 44 Am Jur 2d, Insurance, § 1820). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.