■ HERBERT WINKELMANN et al., Appellants, v JAMES HOCKINS, Respondent. [612 NYS2d 230] —In an action to recover damages for, inter alia, negligence, the plaintiffs appeal, (1) as limited by their brief, from an order of the Supreme Court, Westchester County (Fredman, J.), entered June 28, 1993, which, upon reargument, adhered to its original determination, contained in an order of the same court entered March 19, 1993, granting the defendant's motion for summary judgment dismissing the complaint and (2) from an order of the same court, entered September 9, 1993, which denied the plaintiffs' motion for reargument.

Ordered that the appeal from the order entered September 9, 1993, is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 28, 1993, is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the order entered March 19, 1993, is vacated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiffs are the owners of a building that burned in a fire allegedly caused by the negligence of the defendant while repairing its roof. The plaintiffs, after settling with their insurance company, the Excelsior Insurance Company (hereinafter Excelsior), for the full amount of the policy (minus certain deductions), commenced this action against the defendant to recover losses not paid by Excelsior. However, prior to the plaintiff's suit against the defendant, Excelsior settled its subrogation claim against the defendant and signed a release. The defendant successfully argued before the Supreme Court that this release barred the plaintiffs' suit. We now reverse.

Initially, we note that there is no prohibition, as a matter of law, against an insurance carrier commencing a pro tanto subrogation claim against an alleged third-party tortfeasor after making payment on an insurance policy (see, Federal Ins. Co. v Andersen & Co., 75 NY2d 366; Winkelmann v

*Excelsior Ins. Co.,* 204 AD2d 622 [decided herewith]; *Faraino v Centennial Ins. Co.,* 103 AD2d 790). Thus, this case merely presents issues of contract construction.

We disagree with the Supreme Court's interpretation of the subrogation receipt between the plaintiffs and their insurance carrier, Excelsior. We hold that the intent of the parties, as evidenced by the language of the receipt and the facts before this Court, was that the plaintiffs were subrogating any claims they possessed against the defendant only to the extent that they received payment under the policy. Thus, because the plaintiffs did not assign all of their claims against the defendant to Excelsior, Excelsior did not have the authority to settle those claims which had not been paid by it *(cf., Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37). The defendant has submitted no evidence that would suggest a contrary result. Indeed, we note that the defendant's insurance carrier was clearly aware of all of the plaintiffs' claims because it negotiated with both the plaintiffs and Excelsior prior to Excelsior's settlement with the defendant *(see, Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., supra; Hamilton Fire Ins. Co. v Greger,* 246 NY 162; *Record v Royal Globe Ins. Co.,* 83 AD2d 154; *Tarantola v Williams,* 48 AD2d 552; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1). Since the release between Excelsior and the defendant was limited to those claims possessed by Excelsior, and Excelsior did not possess all of the plaintiffs' claims, the release does not preclude the suit at bar.

Because the issues presented may be resolved without reference to an affidavit submitted by the plaintiff Victoria Winkelmann in support of the plaintiffs' first motion to reargue, we need not reach the issue of whether the affidavit was properly before the Supreme Court.

Finally, no appeal lies from an order denying reargument *(Tedaldi v Lerner,* 172 AD2d 603). Thus, the appeal from the order dated September 9, 1993, is dismissed. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.