■ DONALD J. TRUMP, Appellant, v CORCORAN GROUP, INC., et al., Respondents. [657 NYS2d 701] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 30, 1996, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, with costs.

Despite the nomenclature in the parties' agreements and communications, the only duty that defendants owed plaintiff was to introduce him to certain investors. Although defendants' compensation would be payable only if an investment were made, this did not transform them into fiduciaries. Defendants did not have the power to bind plaintiff, were excluded from substantive negotiations over the terms of the project, and, by all accounts, said very little to the investors with whom plaintiff was dealing. Had these sophisticated parties wanted a fiduciary-like relationship, they could have bargained for and spelled it out in their agreements. As a consequence of the absence of a fiduciary relationship, defendants' purported nondisclosure is not a ground for rescission of the parties' July 27, 1994 agreement. Moreover, even if there had been a fiduciary relationship, defendants' comments to a magazine reporter, which caused plaintiff no damage, do not warrant forfeiture of their compensation. Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.