■ FUTTERMAN ORGANIZATION, INC., Respondent, v BRIDGE-MARKET ASSOCIATES L.P. et al., Appellants. [718 NYS2d 40] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 7, 2000, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff brought this action to recover a finder's fee upon allegations that it had an oral contract with defendants to find a tenant for parcels of real estate located underneath the Queensboro Bridge, that it found Conran as a prospective tenant and informed defendants of Conran's interest, and that Conran leased the space. A finder's fee agreement in a real estate transaction is not enforceable unless the person who seeks remuneration had an express, special agreement to act solely as a finder (*Industrial & Commercial Realty Assocs. Co. v Great Atl. & Pac. Tea Co.*, 68 AD2d 853). In a written communication from plaintiff's president (subsequent to two conversations upon which plaintiff relied as evidence of the express finder's fee agreement), defendants were asked to agree upon plaintiff's compensation in the event of a lease or sale. There was thus no agreement on when a finder's fee would be earned or, if earned, how it should be computed. While plaintiff further claims that

in a subsequent conversation the parties' agreement was reiterated, there was no meeting of the minds regarding the finder's fee to which the parties could refer, but only plaintiff's request for agreement as stated in its letter. Plaintiff's quantum meruit claim must also be dismissed since such a claim necessarily rests upon an implied contract while recovery of a finder's fee requires an express contract (*Industrial & Commercial Realty Assocs. Co. v Great Atl. & Pac. Tea Co.*, 60 AD2d 527). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.