■ PKG ASSOCIATES, INC., et al., Respondents, v MICHAEL DUBB et al., Appellants. [760 NYS2d 681] —In an action to recover a finder's fee in connection with the acquisition of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Lally, J.), entered November 13, 2002, which denied their motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint for failure to state a cause of action and as violative of the statute of frauds.

Ordered that the order is affirmed, with costs.

The plaintiffs, licensed real estate brokers, allege that in or about January 1999 they entered into an oral "special contract" with the defendant Michael Dubb, doing business as The Beechwood Organization (hereinafter Beechwood), "solely to introduce" The Beechwood Organization to a nonparty, The Benjamin Development Co., Inc. (hereinafter Benjamin).

The plaintiffs further allege that, in or about January 1999 their representative, Paul Gruber, introduced Mr. Dubb and Beechwood to Benjamin. The defendants deny the existence of any oral contract.

In or about March 2002 the Beechwood Carmen Building Corp., an entity related to Beechwood of which Mr. Dubb is an officer, acquired title to the aforementioned property for $18,000,000. Thereafter the plaintiffs commenced this action against the defendants based on quantum meruit and unjust enrichment seeking to recover 10% of the purchase price, which allegedly represented the reasonable value of their services. The defendants moved, pursuant to CPLR 3211 (a) (5) and (7), to dismiss the complaint, asserting that the purported agreement is barred by the statute of frauds and that the pleading fails to state a cause of action. The Supreme Court denied the motion. We affirm.

The plaintiffs are licensed real estate brokers and therefore recovery in quantum meruit for the reasonable value of their services is not precluded by the absence of a signed writing evidencing the parties' alleged agreement (*see Fidelity Bus. Brokers v Gamaldi,* 190 AD2d 709 [1993]; General Obligations Law § 5-701 [a] [10]).

Moreover, a licensed real estate broker is not barred from maintaining a lawsuit to recover a finder's fee where, in fact, it has entered into a special contract to act solely as a finder (*see Industrial & Commercial Realty Assoc. Co. v Great Atl. & Pac.*

*Tea Co.,* 60 AD2d 527 [1977]; *Futterman Org. v Bridgemarket Assoc.,* 278 AD2d 105 [2000]).

The defendants' remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.