■ AUDREY DWECK et al., Appellants, v BRIDGE TRANSPORTATION, INC., et al., Respondents. (Action No. 1.) TRAVELERS PROPERTY & CASUALTY COMPANY, Plaintiff, v PRIME FUEL OIL CO., INC., et al., Defendants. (Action No. 2.) [786 NYS2d 189]—

In an action, inter alia, to recover for property damage (action No. 1), and a related subrogation action (action No. 2), the plaintiffs in action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 3, 2003, as granted those branches of the motion of the defendant Bridge Transportation, Inc., which were to dismiss the fifth and sixth causes of action to recover for damage to real property and to personal property, respectively, insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the fifth and sixth causes of action insofar as asserted against the defendant Bridge Transportation, Inc., in action No. 1 are denied, and those causes of action are reinstated.

The plaintiffs commenced action No. 1, inter alia, to recover for property damage arising from a fire at their home allegedly caused by the defendants Prime Fuel Oil Co., Inc., a fuel oil company, and the defendant Bridge Transportation, Inc. (hereinafter Bridge), its delivery agent. The plaintiff Audrey Dweck (hereinafter Audrey) was insured against fire loss by the plaintiff in action No. 2, Travelers Property & Casualty Company (hereinafter Travelers). Audrey executed a subrogation receipt in exchange for $243,924.33 that Travelers paid to her. Thereafter, Travelers, as subrogee of Audrey, commenced action No. 2 against certain entities it alleged caused the fire, to recover the moneys it paid to its insured as a result of the fire.

Bridge moved in action No. 1, inter alia, to dismiss the fifth and sixth causes of action to recover for damage to real property and to personal property, respectively, insofar as asserted

against it. In support of those branches of the motion, Bridge argued that, having settled her claim with Travelers and having executed the subrogation receipt, Audrey already had been reimbursed for the damage. Bridge further argued that since Travelers subsequently commenced action No. 2 to recover the moneys it paid to Audrey as her subrogee, allowing her to maintain the fifth and sixth causes of action would subject Bridge to duplicative claims. In support of its motion, Bridge submitted, inter alia, a copy of the subrogation receipt. The receipt indicated that Audrey subrogated Travelers to her rights "to the extent" of the foregoing payment. The Supreme Court granted those branches of Bridge's motion which were to dismiss the fifth and sixth causes of action insofar as asserted against it in action No. 1. We reverse.

In its subrogation complaint in action No. 2, Travelers alleged that it paid its insured an aggregate of $371,256.35. Audrey claimed Travelers paid her a total of $484,577.49, but that additional, uncompensated damages remained, and that the plaintiffs did not intend their settlement with Travelers to bar action No. 1.

Bridge failed to establish its prima facie entitlement to summary judgment dismissing the fifth and sixth causes of action to recover for damage to real property and to personal property, respectively, insofar as asserted against it as there is a triable issue of fact as to whether the plaintiffs sustained losses greater than the $243,924.33 Audrey received in exchange for the subrogation receipt. If such losses exist, then the plaintiffs' causes of action seeking to recover such losses may be maintained (*see Winkelmann v Hockins*, 204 AD2d 623 [1994]). Accordingly, the Supreme Court should have denied those branches of Bridge's motion which were to dismiss the fifth and sixth causes of action to recover for damage to real and to personal property, respectively, insofar as asserted against it in action No. 1. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.