■ STONE CAPITAL ADVISORS, LLC, Respondent, v FORTREND INTERNATIONAL, LLC, Appellant. [791 NYS2d 11]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 28, 2004, which, insofar as appealed from, granted plaintiff's cross motion to amend the complaint so as to include a cause of action to recover finder's fees, unanimously affirmed, with costs.

Plaintiff initially alleged an oral agreement with defendant that it was, in effect, defendant's partner in the business of finding persons and entities interested in entering into certain tax-driven financial transactions. When defendant moved for summary judgment on the ground that the parties' oral agreement made plaintiff defendant's finder, not partner or coventurer, entitled to 10% of the fees that defendant realized in

structuring transactions for its own clients, plaintiff sought leave to amend the complaint to allege precisely that. Defendant's argument that it was surprised and prejudiced by the requested amendment, first proposed after the filing of the note of issue, is improperly raised for the first time on appeal, and, in any event, defendant could not have been prejudiced by plaintiff's adoption of defendant's own view of the parties' relationship. Supreme Court, if so advised, may reopen discovery. Nor does the proposed amendment plainly lack merit (*see Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795, 796 [1994], *lv dismissed* 85 NY2d 924 [1995]). Although oral finder's agreements are barred by the statute of frauds (General Obligations Law § 5-701 [a] [10]), the agreement alleged here is enforceable because defendant admitted its existence (*see Matisoff v Dobi*, 90 NY2d 127, 134 [1997]). Defendant's claim that the alleged oral agreement was modified to reduce the finder's fees plaintiff seeks to recover herein from 10% of the gross to 5%, and that the payments plaintiff admits receiving were made pursuant to that modification and not as part performance of the original 10% agreement, is an issue of fact for trial. We have considered defendant's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.