■ STIEFVATER REAL ESTATE, INC., Respondent, v LYLE B. HIMBAUGH III, Appellant. [840 NYS2d 119]—

In an action, in effect, to recover a finder's fee in connection with the sale of real property, the defendant appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated September 1, 2006, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $28,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contention, the evidence adduced at trial supports the Supreme Court's findings that the defendant expressly agreed to pay any introducing broker a finder's fee of 2% for referring a purchaser to him, and that the plaintiff earned that fee by referring the eventual purchasers to the defendant. Moreover, we discern no basis to disturb the Supreme Court's credibility determinations (*see Terry v State of New York*, 39 AD3d 846 [2007]).

In light of the plaintiff's limited role as a finder, rather than as an agent acting in a fiduciary capacity (*see Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162-163 [1993]; *Trump v Corcoran Group*, 240 AD2d 159 [1997]), the disclosure requirements of Real Property Law § 443 have no application (*see* Real Property Law § 443 [1] [a]).

Contrary to the defendant's contention, the statute of frauds has no application in this case (*see* General Obligations Law § 5-701 [a] [10]; *PKG Assoc. v Dubb*, 306 AD2d 333 [2003]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.