RALPH SUTTER, Respondent, v MALCOLM LANE et al., Appellants. [878 NYS2d 471]—

Malone Jr., J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 19, 2008 in Chemung County, which, among other things, denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff, a licensed real estate salesperson, began working for

defendant Malcolm Lane's real estate business in July 2000. His duties included developing and managing the core real estate business as well as identifying land to be subdivided, selling properties, managing rental properties and overseeing new construction. He was paid either by commission or given a percentage of profit depending on the type of transaction. In October 2005, plaintiff ended his business relationship with Lane purportedly because Lane had not paid him commissions that he had earned. This occurred after certain of Lane's employees complained of sexual harassment by plaintiff and Lane requested plaintiff to leave the office.

Plaintiff subsequently commenced this action against Lane and defendant Living Better, Inc., one of his real estate companies, alleging nine causes of action arising out of various transactions he was involved with during his association with Lane. Defendants served an answer asserting, among other things, affirmative defenses of the statute of frauds and unclean hands. Plaintiff moved to strike defendants' affirmative defense of unclean hands and defendants, in turn, cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion, but denied defendants' cross motion. This appeal by defendants ensued.

Defendants assert that, inasmuch as none of the transactions referenced in the complaint is evidenced by a written agreement between the parties, all of plaintiff's causes of action are barred by the statute of frauds. The statute of frauds generally requires that agreements be in writing in order to be enforceable (*see* General Obligations Law § 5-701 [a]). There are exceptions. One applies to "contract[s] to pay compensation to . . . a duly licensed real estate broker or real estate sales[person]" (General Obligations Law § 5-701 [a] [10]). Plaintiff's first four causes of action are based upon commissions allegedly due to him as the result of his work in procuring the sale and purchase of properties located in the Town of Milo, Yates County and the Town of Big Flats, Chemung County in his capacity as a licensed real estate salesperson. Lane acknowledged that plaintiff worked for him as a real estate salesperson and he agreed to pay him a 1¹/₂% commission on the Town of Milo property even though plaintiff wanted a larger percentage. In addition, Lane did not dispute that plaintiff facilitated his purchase of the Town of Big Flats property. Accordingly, insofar as plaintiff worked as a real estate salesperson with regard to these transactions, Supreme Court properly found that his first four causes of action are not barred by the statute of frauds (*see PKG Assoc. v Dubb*, 306 AD2d 333, 333 [2003]; *Werner v Katal Country Club*, 234 AD2d 659, 661 n 2 [1996]).

Plaintiff's fifth through eighth causes of action are based upon alleged joint venture or partnership agreements under which plaintiff and Lane, or Lane alone, would acquire undervalued properties, plaintiff would renovate and manage such properties, and plaintiff would ultimately sell them, whereupon the proceeds would be divided between them. The two properties at issue involve a parcel of real property in Bradford, Pennsylvania and one in the Town of Lodi, Seneca County. The record contains ample evidence regarding plaintiff's activities concerning both of these properties that is consistent with the terms of the alleged joint venture or partnership agreements. Although Lane gave a different account of the extent of plaintiff's activities, he did not deny the fact that he and plaintiff were engaged in a joint endeavor to acquire and sell these properties for a profit. While the statute of frauds requires a writing with respect to contracts "to pay compensation for services rendered in . . . creating . . . a partnership interest" (General Obligations Law § 5-701 [a] [10]), it has been held that "an oral joint venture agreement that involves interests in real property . . . does not run afoul of the writing requirement because the underlying interest in the joint venture is properly considered personalty" (*Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 885 [2004]; *see Barash v Estate of Sperlin*, 271 AD2d 558, 559 [2000]). In view of this, Supreme Court properly denied defendants' cross motion with regard to plaintiff's fifth through eighth causes of action.

Plaintiff's ninth cause of action is based upon an alleged agreement he had with Lane that, if he remained as a licensed real estate salesperson and manager of Lane's business for at least five years, he would be granted a 10% ownership interest in the business. We reject defendants' assertion that this claim is barred because the agreement could not be completed within one year inasmuch as Lane acknowledged that there was no particular time frame governing it (*see D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454-455 [1984]; *Foster v Kovner*, 44 AD3d 23, 26 [2007]). In any event, Lane did not deny the existence of an oral agreement under which plaintiff could acquire a percentage ownership in the business and indicated that this was discussed at the inception of the parties' relationship. Under the circumstances presented here, Lane's admission to the existence of the agreement forming the basis of plaintiff's ninth cause of action removes it from the statute of frauds (*see Matisoff v Dobi*, 90 NY2d 127, 134 [1997]; *Stone Capital Advisors, LLC v Fortrend Intl., LLC*, 15 AD3d 300, 301 [2005]). Accordingly, Supreme Court properly declined to dismiss this cause of action as well.

As for defendants' affirmative defense of unclean hands, this doctrine is only applicable "when the conduct relie[d] on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Mehlman v Avrech*, 146 AD2d 753, 754 [1989]; *see Clifton Country Rd. Assoc. v Vinciguerra*, 195 AD2d 895, 896 [1993], *lv denied* 82 NY2d 664 [1994]). Notwithstanding the allegations that plaintiff sexually harassed some of Lane's employees, this has nothing to do with the subject matter of the instant action which concerns plaintiff's alleged entitlement to unpaid commissions and an interest in Lane's real estate business. Accordingly, Supreme Court properly dismissed this affirmative defense.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.