■ BLANCHE, VERTE & BLANCHE, LTD., Respondent, v JOSEPH MAURO & SONS, Respondent-Appellant, and SHORE DRUG, INC., Appellant-Respondent. [913 NYS2d 342]—

In an action to recover damages for negligence and breach of contract, the defendant Shore Drug, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 13, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant

Joseph Mauro & Sons cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Shore Drug, Inc., which were for summary judgment dismissing the negligence cause of action and all cross claims asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Shore Drug, Inc., and the plaintiff, payable by the defendant Joseph Mauro & Sons.

The plaintiff, Blanche, Verte & Blanche, Ltd. (hereinafter BVB), owned certain real property in Bay Shore (hereinafter the premises), which was destroyed by a fire in October 2002. The defendant Shore Drug, Inc. (hereinafter Shore), BVB's tenant on the first floor of the premises, had hired the defendant Joseph Mauro & Sons (hereinafter Mauro), an electrician, to perform work in its leased portion of the premises prior to the fire.

The defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied both motions.

The Supreme Court properly rejected the defendants' contention that BVB could not maintain an action to recover damages after having been "fully compensated" for its losses pursuant to its insurance policy with Travelers Insurance Company (hereinafter Travelers). Pursuant to CPLR 4545, in the event BVB is awarded damages for its loss, any such award would be reduced by the amount recovered by BVB from Travelers, minus the cost of the premiums paid by BVB for such benefits for a certain period preceding the accrual of its action (see CPLR 4545 [a]). However, "[a]ny collateral source deduction required by [CPLR 4545] shall be made by the trial court after the rendering of the jury's verdict. The plaintiff may prove his or her losses and expenses at the trial *irrespective of whether such sums will later have to be deducted from the plaintiff's recovery*" (*id.* [emphasis added]).

Contrary to the defendants' contention, BVB is not precluded from maintaining this action against them simply because it received payment from Travelers, and if the defendants are found liable at trial and BVB is awarded damages, then the payment to BVB by Travelers may be relevant as a possible setoff against the damages award (see *Fisher v Qualico Contr. Corp.*, 98 NY2d 534 [2002]; *Hopper v McCollum*, 65 AD3d 669, 670

[2009]; *Spectra Audio Research, Inc. v Chon*, 62 AD3d 561, 563 [2009]; *Dweck v Bridge Transp., Inc.*, 12 AD3d 560, 561 [2004]). There exists, at this point, a triable issue of fact as to whether BVB sustained losses greater than the funds received from Travelers (*see Dweck v Bridge Transp., Inc.*, 12 AD3d at 561).

Moreover, there is no merit to the argument that, if BVB is permitted to maintain this action, while at the same time Travelers is litigating an action against the defendants as BVB's subrogee, then the defendants will be subjected to double recovery by an insurer and its insured for the same claim. Here, the subrogation receipt indicated that BVB subrogated Travelers to its rights only "to the extent" of the payment it received from Travelers. Accordingly, any amount the defendants might have to pay Travelers will be limited to what Travelers paid BVB, while the total liability of the defendants must be offset by that same amount (*id.*). Thus, there can be no "double recovery."

Since the defendants failed to sustain their initial burden of establishing their prima facie entitlement to judgment as a matter of law on this issue, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court also properly denied that branch of Shore's motion which was for summary judgment dismissing the cause of action to recover damages for breach of the lease (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008]). Since Shore failed to meet its prima facie burden of establishing that it was entitled to judgment as a matter of law on that cause of action, the burden did not shift to the plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court erred in denying those branches of Shore's motion which were for summary judgment dismissing the negligence cause of action and the cross claims seeking contribution and/or indemnification insofar as asserted against it, since Shore established its entitlement to judgment as a matter of law with respect to that cause of action (*id.*). In opposition, neither the plaintiff nor Mauro raised a triable issue of fact (*id.*). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30145(U).]**