■ EXCEL REALTY ADVISORS, LP, Appellant, v ENGEL BURMAN GROUP, LLC, Also Known as ENGEL BURMAN GROUP, Respondent, et al., Defendants. [20 NYS3d 563]—

In an action, inter alia, to recover damages for breach of contract and to recover in quantum meruit, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered June 7, 2013, as granted those branches of the motion of the defendant Engel Burman Group, LLC, also known as Engel Burman Group, which were for summary judgment dismissing the first, sixth, and seventh causes of action, and the second cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging that it was entitled to compensation for the services it provided in, among other things, procuring a joint-venture partner for the defendant Engel Burman Group, LLC, also known as Engel Burman Group (hereinafter Engel Burman), in certain transactions related to the purchase of assisted-living facilities. The complaint alleged, inter alia, that the plaintiff "produced" the defendant Harrison Street Real Estate Capital, LLC (hereinafter Harrison Street), as the joint-venture partner for Engel Burman. The complaint further alleged that the plaintiff had a "broker agreement" with Engel Burman whereby Engel Burman agreed to pay the plaintiff a "commission" of 2% of the total dollar value of any transaction involving the purchase, development, or financing by the joint venture of any assisted-living facilities. As relevant to this appeal, Engel Burman moved for summary judgment dismissing various causes of action, and the Supreme Court granted the motion.

In order to be entitled to recover a broker's commission, a real estate broker must establish, among other things, that it was "the procuring cause of the sale" (*Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582, 583 [2005]; *see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 815 [2007]). Here, on those branches of its motion which were for summary judgment dismissing the first cause of action, and the second cause of action insofar as asserted against it, both of which alleged breach of contract, Engel Burman established, prima facie, that the plaintiff was not a "procuring cause" of Engel Burman's purchase of certain assisted-living facilities as part of a joint venture with Harrison Street. In opposition, the plaintiff failed to raise a triable question of fact on that issue.

The plaintiff contends that the Supreme Court erred by, inter alia, reading the first and second causes of action as seeking only to recover a real estate broker's commission because it was, in fact, entitled to a "finder's fee" for its services in bringing Engel Burman and Harrison Street together. However, to be entitled to a "finder's fee," the plaintiff would have to prove that it had an "express, special agreement to act *solely* as a finder" (*Futterman Org. v Bridgemarket Assoc.*, 278 AD2d 105, 105 [2000] [emphasis added]). In opposition to Engel Burman's prima facie showing of entitlement to judgment as a matter of law dismissing the first and second causes of action, the plaintiff failed to raise a triable issue of fact that it did have such an agreement. Accordingly, the Supreme Court properly

granted those branches of Engel Burman's motion which were for summary judgment dismissing the first cause of action, and the second cause of action insofar as asserted against it.

The Supreme Court properly granted those branches of Engel Burman's motion which were for summary judgment dismissing the causes of action alleging unjust enrichment (the sixth cause of action) and seeking recovery in quantum meruit (the seventh cause of action). Entitlement to a finder's fee requires an express contract, but recovery based on quantum meruit is predicated on an implied contract. Here, the plaintiff alleges entitlement to a finder's fee based on an express oral contract, and he is not entitled to recover a finder's fee in quantum meruit (*see Futterman Org. v Bridgemarket Assoc.*, 278 AD2d at 106; *Industrial & Commercial Realty Assoc. Co. v Great Atl. & Pac. Tea Co.*, 68 AD2d 853, 853 [1979]). As to the cause of action alleging unjust enrichment, the plaintiff failed, in opposition to Engel Burman's prima facie showing, to raise a triable issue of fact as to whether Engel Burman was enriched at the plaintiff's expense (*cf. Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage*, 131 AD3d 507 [2015]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.