Aretakis v Cole's Collision (2018 NY Slip Op 07028)





Aretakis v Cole's Collision


2018 NY Slip Op 07028


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526428

[*1]JOHN ARETAKIS, Respondent,
v
COLE'S COLLISION, Appellant.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellant.
John Aretakis, Troy, respondent pro se.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (R. Sise, J.), entered September 21, 2017 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.
On March 1, 2011, an automobile owned by plaintiff's wife was struck from behind by another vehicle, propelling it into the vehicle in front of it and causing significant damage. The vehicle, ownership of which was later transferred to plaintiff, was thereafter brought to defendant's body shop to be repaired. Dissatisfied with the repair work, plaintiff commenced this action against defendant for breach of contract and fraud. Defendant's motion to dismiss the fraud cause of action was granted and, following joinder of issue and discovery, defendant moved for summary judgment dismissing the remaining breach of contract claim. Supreme Court denied the motion, and defendant appeals.
We affirm. "On a motion for summary judgment, the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact. Only when the movant satisfies its obligation does the burden shift to the nonmovant to present evidence demonstrating the existence of a triable issue of fact" (Smero v City of Saratoga Springs, 160 AD3d 1169, 1170 [2018] [internal quotation marks and citations omitted]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; Roemer v Allstate Indem. Ins. Co., 163 AD3d 1324, 1325 [2018]). On such a motion, we must view the evidence in the light most favorable to the nonmoving party and accord such party the benefit of every reasonable inference that can be drawn therefrom (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Roemer v Allstate Indem. Ins. Co., 163 AD3d at 1325).
In support of its motion, defendant primarily relied on the affidavit of Josh Jewett, its general manager at the time plaintiff's vehicle was repaired. Based upon his review of the damage estimates prepared by defendant, Jewett addressed the state of the vehicle following the [*2]accident, the repairs performed and the condition of the vehicle when it was released to plaintiff. While Jewett averred that all work performed on plaintiff's vehicle was done in a professional and workmanlike manner, nowhere in the affidavit does Jewett state that he performed any of the work or ever personally inspected the vehicle (see McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1305 [2016]; Madalinski v Structure-Tone, Inc., 47 AD3d 687, 688 [2008]; Monge v Home Depot, 307 AD2d 501, 502 [2003]; Connor v Tee Bar Corp., 302 AD2d 729, 730-731 [2003]; Montuori v Town of Colonie, 277 AD2d 643, 645 [2000]; Fernandez v MHP Land Assoc., 188 AD2d 417, 418 [1992]; see generally JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]). Further, other evidence submitted by defendant established that, after the repair work was completed, the driver's side door of the vehicle suffered from, among other things, improperly aligned hinges. Thus, defendant failed to establish its prima facie entitlement to judgment as a matter of law by eliminating all material issues of fact as to the adequacy of the repairs performed (see generally Powers v 31 E 31 LLC, 24 NY3d 84, 92-93 [2014]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Even had defendant sustained its initial burden, the evidence proffered by plaintiff in opposition to the motion — including his own affidavit describing the multiple problems that he experienced with the vehicle following the completion of the repair work — raised triable issues of fact precluding an award of summary judgment.
Contrary to defendant's further contention, plaintiff is not precluded from pursuing his breach of contract claim based on the release executed in the separate action that he commenced against the driver of the other vehicle and her insurer. The release provides that "[plaintiff] reserves all of his rights, claims and causes of action against any other person, entity, or company other than [third-party defendants], involved in, or with respect to, the inspection and appraisal and repair of [plaintiff's vehicle]." While it is true that the common-law collateral source rule — which precludes the reduction of a damages award by the amount of any compensation that the injured person may receive from another source — does not apply to breach of contract claims (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 116 [2001]), the release here does not itemize or otherwise specify the damages covered by the settlement figure. Moreover, at this point, a triable issue of fact exists as to whether damages suffered as a result of the alleged breach are greater than the funds received from the settlement (see Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons, 79 AD3d 1082, 1083-1084 [2010]; Dweck v Bridge Transp., Inc., 12 AD3d 560, 561 [2004]).
Finally, given the unresolved factual issues regarding the adequacy of the repairs performed and the fact that plaintiff's remaining cause of action is grounded in breach of contract, rather than negligence, we find no basis upon which to dismiss that portion of the complaint that seeks damages for the diminution in value of the vehicle caused by the allegedly faulty repairs (compare Angielczyk v Lipka, 132 AD3d 1380, 1381 [2015]; Parkoff v Stavsky, 109 AD3d 646, 647 [2013], lv denied 22 NY3d 864 [2014]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.