Colabella v Hernandez (2020 NY Slip Op 03641)





Colabella v Hernandez


2020 NY Slip Op 03641


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-01180
 (Index No. 55799/16)

[*1]Dominick L. Colabella, et al., appellants,
v
Bertina Hernandez, et al., respondents.


Law Offices of Richard G. Monaco, P.C., South Salem, NY, for appellants.
Craig P. Curcio, Middletown, NY (Ryan Bannon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for loss of use and diminution in value of a vehicle, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated December 19, 2019. The order, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiffs' vehicle was damaged in an accident with a vehicle operated by the defendant Bertina Hernandez and owned by the defendant Jose E. Hernandez. At the time of the accident, the plaintiffs' vehicle was insured by ACE Private Risk Services (hereinafter ACE). ACE paid to repair the plaintiffs' vehicle. Then, as subrogree, ACE negotiated a settlement with the defendants' insurance company in exchange for a release. The amount paid was less than the coverage provided by the plaintiffs' policy.
Despite the repairs to the vehicle, the plaintiffs allege that there was a diminution in value of $60,226. The plaintiffs also allege that they suffered approximately $349,008 in damages for the loss of use of the vehicle. They commenced this action against the defendants to recover for those damages, which were not paid by the plaintiffs' insurance company.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint, arguing that the action could not be maintained under the terms of the release. The Supreme Court, in effect, granted that branch of the motion, and the plaintiffs appeal.
" [W]hen parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 403, quoting Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475; see Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC, 176 AD3d 1185, 1187-1188). "Courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d at 404, quoting Reiss v Financial Performance Corp., 97 NY2d 195, 199; see Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC, 176 AD3d at 1187-1188).
The plaintiffs' insurance policy with ACE provided that, "if [ACE] pay[s] money to a person under the terms of this policy, that person's right to recover any damages is automatically transferred to [ACE]." However, the same provision of the plaintiffs' insurance policy included an exception for damage to a vehicle, expressly stating that "[t]his right [to recover damages] does not apply to: . . . damage to a vehicle, unless it was being driven without permission." Because the subrogation language of the plaintiffs' insurance policy, by its own terms, does not apply to claims of property damage to a vehicle which, as was the case here, was being driven with permission, the plaintiffs' insurer did not have a contractual right to subrogation. The right of the plaintiffs' insurer in equitable subrogation to obtain recovery for the amounts it paid is limited and is divisible and independent of the insured's right to sue for the amount of the loss remaining unreimbursed (see Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 582; Federal Ins. Co. v Arthur Andersen & Co., 75 NY2d 366, 374). The plaintiffs' claims against the defendants were subrogated only to the extent that the plaintiffs received payment under their insurance policy. ACE only had the authority to settle the repair claims and could bind the plaintiffs to a release only to that extent. ACE did not have the authority to settle those claims which were not paid by it and, therefore, the release given by ACE does not preclude the action at bar (see Winkelmann v Hockins, 204 AD2d 623, 624). The insurance policy specifically waives ACE's right to recoup in the context of property damage to a vehicle, and ACE cannot release rights that it does not contractually own (see Duane Reade v Reva Holding Corp., 30 AD3d 229, 232-236).
Accordingly, we disagree with the Supreme Court's determination, in effect, to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court