Matter of Stevenson V. v Alicia L. T. (2026 NY Slip Op 01794)

Matter of Stevenson V. v Alicia L. T.

2026 NY Slip Op 01794

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-06192
 (Docket Nos. V-24181-18/22A, V-24181-18/22B)

[*1]In the Matter of Stevenson. (Anonymous), petitioner-appellant, 
vAlicia L. T. (Anonymous), respondent; Ryan . (Anonymous), nonparty-appellant.

Joan Iacono, Scarsdale, NY, for petitioner-appellant.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant.
Diana Kelly, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father and the subject child separately appeal from an order of the Family Court, Kings County (Stephanie Schwartz, J.), dated June 26, 2023. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to modify an order of the same court (Valerie Waldeier, Ct. Atty. Ref.) dated October 7, 2019, so as to permit him to relocate with the subject child to Pennsylvania.
ORDERED that the order dated June 26, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child in common, born in 2012. Pursuant to an order dated October 7, 2019, the parties were awarded joint legal custody of the child, the father was awarded physical custody of the child, and the mother was awarded parental access pursuant to the parties' stipulation. At the time, the father was residing in Manhattan and the mother was residing in Brooklyn.
In November 2021, the father purchased a home located in East Stroudsburg, Pennsylvania. In January 2022, the father relocated with the child to Pennsylvania and enrolled him in a local school. On January 3, 2022, the father filed a petition, inter alia, to modify the order dated October 7, 2019, so as to permit him to relocate with the child to Pennsylvania. In February 2022, the Family Court directed the father to return the child to New York pending a determination of the father's petition.
After a hearing, in an order dated June 26, 2023, the Family Court, among other things, denied that branch of the father's petition which was to modify the order dated October 7, 2019, so as to permit him to relocate with the child to Pennsylvania. The father and the child separately appeal.
"'A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Scotto v Alexander, 231 AD3d 1157, 1157-1158, quoting Quinn v Quinn, 134 AD3d 668, 689). "'In determining whether relocation is appropriate, the court must consider a number of factors [*2]including each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (id. at 1158 [internal quotation marks omitted], quoting Matter of Banks v DeLeon, 174 AD3d 598, 599; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "'In assessing these factors, no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome, but the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern'" (Matter of Fortune v Jasmin, 232 AD3d 601, 603, quoting Matter of Barker v Rohack, 173 AD3d 1173, 1174). "In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record" (Matter of Scotto v Alexander, 231 AD3d at 1158 [internal quotation marks omitted]).
Here, the Family Court's conclusion that the father failed to demonstrate that the proposed move would be in the child's best interests was supported by a sound and substantial basis in the record. The father failed to present evidence that the emotional, educational, or economic benefits of the move outweighed its costs and, in particular, the impact of the move on the relationship between the child and the mother.
Contrary to the contention of the father and the attorney for the child, the Family Court did not improvidently exercise its discretion in failing to act sua sponte to conduct an in camera interview of the child (see Matter of Weekes v Martin-Weekes, 242 AD3d 761, 763).
The father's and the attorney-for-the-child's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court